Edmund S. POMON

v.

**GENERAL DYNAMICS CORPORATION, Robert McGuffie and William Stanley.**

Civ. A. No. 81–0264 P.

United States District Court, D. Rhode Island.

Nov. 14, 1983.

---

Paul M. Giacobbe, Warwick, R.I., for plaintiff.

Edward F. Hindle, Robert Flanders, Jeffrey C. Schreck, of Edwards & Angell, Providence, R.I., for defendants.

## ORDER

PETTINE, Senior District Judge.

This is an appeal from the Magistrate's order denying Plaintiff's Motion for a Jury Trial. For the reasons stated below, that Order must be vacated in part.

Plaintiff alleges that the General Dynamics Corporation (through its agents McGuffie and Stanley) terminated his employment because of his membership in the Massachusetts National Guard. If this allegation is true, the defendants have violated both the Veteran's Reemployment Rights Act, 38 U.S.C.A. §§ 2021–2026 (1979 & 1982 supp.), and R.I.Gen. Laws § 30–11–6 (1982 reenactment). Of course, the claim based on Rhode Island law is before this Court pursuant to its pendent jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Plaintiff here argues that he is entitled to a jury trial on both his federal claim and his state claim. The Court finds that he is indeed entitled to a jury trial, but only on that part of his claim arising under Rhode Island law.

The Veteran's Reemployment Rights Act (Act) provides that members "of a Reserve component of the Armed Forces" may "not be denied retention in employment or any promotion or other incident or advantage of employment" because of their Reserve obligations. 38 U.S.C.A. § 2021(b)(3). The Act's enforcement provision requires an employer to comply with § 2021 and "to compensate [its employees] for any loss of wages or benefits suffered by reason of such employer's unlawful action." 38 U.S.C.A. § 2022. In this case, Plaintiff asks for damages for his allegedly improper discharge; he does not ask for reinstatement.

The Seventh Amendment guarantees the right to a jury trial for all suits at common law, and, in the usual case, a claim for damages is just such a suit. In contrast, suits in equity do not require a jury. This distinction, however, is only tangentially relevant to the federal portion of Plaintiff's claim. Although it is true that the right to a jury trial "depends on the

nature of the issue to be tried rather than the character of the overall action," *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970), any question regarding this right in a particular instance must be answered by looking first to the source of the cause of action. Where the action is founded solely upon a federal statute, as in Count I of this suit, defining the "nature of the issue to be tried" is in turn solely a matter of congressional intent. Therefore, where Congress has seen fit to declare explicitly the "nature of the issue," it is inapposite to determine whether the remedy sought by the plaintiff has traditionally been regarded as "legal" or "equitable." *Cf. Van Ermen v. Schmidt*, 374 F.Supp. 1070, 1073 (W.D.Wis.1974) (explaining that "[n]ot every claim for monetary relief is triable to a jury as a matter of right" and outlining a method of determining the existence of such a right "where a new cause of action was created by Congress, *and nothing was said* about the mode of trial" (emphasis added)).

██ In the instant case, it is true that Congress has not directly stated whether suits under the Act require a jury; § 2022 is silent on this point. Fortunately, however, the Court gleans considerable guidance on this matter from the Senate Report of the Committee on Veterans' Affairs, which discusses the 1974 amendment to the Act. In explaining that suits under the Act are to proceed under the equitable doctrine of laches rather than under state statutes of limitation, the Report refers to "the congressional intent that legal proceedings under this chapter ... be governed by equity principles of law." S.Rep. No. 907, 93rd Cong., 2d Sess. at 111 (1974). *See Mowdy v. Ada Board of Education*, 76 F.R.D. 436, 437–39 (E.D.Okl.1977); *Hirschberg v. Braniff Airways, Inc.*, 404 F.Supp. 869, 872 (E.D.N.Y.1975).

Plaintiff seems to argue that any such intent should be imputed to Congress only in regard to the matter of laches versus state statutes of limitation and that the Senate Report should not be dispositive on the issue of a right of trial by jury. While this argument is not completely unreasonable, the Court finds it most unlikely that Congress intended to create a cause of action that is equitable for some purposes but not for others, especially when Plaintiff has failed to offer any evidence to this effect.

Since Congress has so defined the nature of proceedings under the Act, it makes no difference that Plaintiff here asks only for the "legal" remedy of damages. The basic nature of the suit is unchanged. As Judge Curtin stated in a similar context in *Ufland v. Buffalo Courier Express, Inc.*, 394 F.Supp. 199, 201 (W.D.N.Y.1974),

[w]hether the veteran's claim is for reinstatement and back pay, restitution of seniority rights or wage rate adjustments does not alter the basically equitable nature of the rights asserted. The claim for back wages in this case is, therefore, a derivative of plaintiff's rights of reinstatement and restoration to his former seniority, status and pay under the Act, rather than a claim at law for damages.

*Accord, Cox v. City of Kansas City*, 76 F.R.D. 459, 460 (W.D.Mo.1977); *Mowdy v. Ada Board of Education, supra*, 76 F.R.D. at 437.

I wish to emphasize that this is not a suit in which a legal claim is characterized as "incidental" to an equitable claim to justify striking a jury demand. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 470, 82 S.Ct. 894, 896, 8 L.Ed.2d 44 (1962). There is no federal "legal" claim in this case. The cause of action Congress created is equitable in nature regardless of the particular relief requested by a particular plaintiff. Accordingly, that portion of the Magistrate's Order denying a jury trial for the federal part of Plaintiff's claim is affirmed.

Plaintiff's request for a jury trial is a very different matter, however, with regard to his pendent claim under Rhode Island law. R.I.Gen. Laws § 30–11–6 provides in part: "No employer or officer or agent of any corporation, company or firm or other person shall discharge any person from employment because of being an offi-

cer or enlisted man in the reserve military forces of the United States . . . ." Furthermore, § 30–11–8 states in part: "In the event of the failure of any employer to comply with the foregoing, the employee may, at his election, bring an action at law for damages for such noncompliance, or apply to the superior court for such equitable relief as may be just and proper under the circumstances . . . ."

▮ Obviously, the Rhode Island Legislature through § 30–11–6 has addressed the same concern as did Congress through 38 U.S.C.A. § 2021. R.I.Gen. Laws § 30–11–8, however, is quite different from the enforcement provision of the federal Act in that the state statute provides for "an action at law for damages" or "equitable relief" at the employee's election. The plain sense of the statute is that any employee may bring an action for damages, and if he does so that action will be "at law," thus entitling him to a jury trial upon demand.[1] As the Supreme Court has explained, the Seventh Amendment applies "to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974). The Rhode Island statute creates just such a legal right and remedy and therefore, in the absence of evidence to the contrary, is assumed to create a right to a jury trial as well.

Defendant correctly points out that where a pendent state claim is heard in federal court, "the characterization of an issue as 'legal' and thus entitling a party to a jury trial is determined as a matter of federal law." *In re N–500L Cases*, 691 F.2d 15, 19 (1st Cir.1982) (citing *Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609, 610, 9 L.Ed.2d 691 (1963)). *As a matter of federal law*, however, Plaintiff in this case has a right to a jury trial on his pendent state claim. The Supreme Court made clear in *Curtis v. Loether, supra*, that such a right is inherent in a statute (such as § 30–11–8) that creates "legal rights and remedies," unless, of course, the legislature has indicated otherwise. Defendant, though, would have this Court look to a different manifestation of federal law to decide whether the plaintiff is entitled to a jury trial on his pendent claim. Defendant's rather ingenious argument is that "since the nature of the rights and remedies provided by state law are the same as those provided by the federal Act," this Court should adopt "the same analysis which federal courts have made in connection with Federal Veteran's Reemployment Rights Act claims" and conclude that no right to trial by jury exists for the state claim as well. To do so would be to turn the holding of *In re N–500L Cases* on its head. By "determined as a matter of federal law" the First Circuit (as well as the Supreme Court in *Simler v. Conner*) did not mean for judges to look to the most closely analogous federal statute, determine whether it provides a right to trial by jury, and proclaim the same result for the state statute. Instead, *In re N–500L Cases* and *Simler v. Conner* advise this Court to determine the existence of the right by looking to the whole of federal common law, one of the basic tenets of which, once again, is that a statute creating a legal (versus equitable) right is presumed to create a corresponding right to a jury trial. As long as the context is that of a cause of action created by statute, tests such as that set forth in *Ross v. Bernhard, supra*, 396 U.S. at 538 n. 10, 90 S.Ct. at 738 n. 10, are necessary only when there is uncertainty about the intentions of the legislature. There is no such uncertainty here.[2]

---

**1.** It should be noted, however, that there is no Rhode Island authority regarding a jury trial under the statute. Indeed, there appears to be no published opinion involving these provisions at all. The Court finds, however, their meaning to be quite clear, so that certification of the question to the Supreme Court of Rhode Island is unnecessary.

**2.** The Court further notes that § 2021(c) of the federal Act states that the statute "shall not diminish any rights . . . pursuant to any statute or ordinance of [a] State or political subdivision

Accordingly, Plaintiff is entitled to a jury trial on his pendent state claim. That part of the Magistrate's Order inconsistent with this Order is vacated.

So Ordered.

establishing greater or additional rights or protections." This provision is apparently now applicable to members of the National Guard by way of Pub.L. No. 97–252, § 1130, 96 Stat. 759 (1982).