**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Clayton FOUNTAIN, Thomas E. Silverstein, and Randy K. Gometz, Defendants-Appellees.**

**Nos. 84–1939, 84–1940 and 84–1949.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 15, 1985.

Decided July 8, 1985.

Supplemental Opinion Nov. 22, 1985.

---

**9.** *Kendall v. Board of Education of Memphis,* 627 F.2d 1, 5 (6th Cir.1980).

David R. Freeman, Federal Public Defender, St. Louis, Mo., Howard E. Eisenberg, Carbondale, Ill., Thomas Day, Federal Public Defenders Office, St. Louis, Mo., for plaintiff-appellant.

Frederick J. Hess, U.S. Atty., E. St. Louis, Ill., Michael C. Carr, Asst. U.S. Atty., Benton, Ill., for defendants-appellees.

Before WOOD and POSNER, Circuit Judges, and SWYGERT, Senior Circuit Judge.

PER CURIAM.

The petition to rehear our decision reported at 768 F.2d 790 (7th Cir.1985), is denied, a majority of the judges on the panel having voted to deny it (Judge Swygert dissenting) and all of the judges in regular active service having voted not to rehear the case en banc. However, it has been brought to our attention that the original panel majority opinion requires amendment in one respect.

In the course of explaining why the district judge could not impose a term of years rather than life imprisonment for federal murder, we remarked that the judge's desire to postpone the defendants' parole eligibility dates could not as he had thought be accomplished by fixing a minimum prison term of more than 30 years, so that one-third of the term would be greater than 10 years, the statutory minimum waiting period for parole for persons sentenced to more than 30 years, or to life, see 18 U.S.C. § 4205(a). 768 F.2d at 799. In passing we noted that 18 U.S.C. § 4205(b)(1) does allow the judge to "designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court," but we cited authority that this provision cannot be used to postpone, as distinct from bringing closer, the date of eligibility for parole. See *id.* Unbeknownst to us, the Tenth Circuit, in *United States v. O'Driscoll*, 761 F.2d 589, 596 (10th Cir.

1985), had just decided the contrary—that a district judge can use section 4205(b)(1) to postpone the eligibility date for parole, by fixing a (lawful) sentence in excess of 30 years and specifying that the defendant is not to be paroled before one-third of the sentence has expired.

We do not think it necessary or appropriate for us to take sides in what, as a result of the *O'Driscoll* decision, has become a controversy over the scope of section 4205(b)(1). For as we stressed in our original opinion, see 768 F.2d at 799–800, and there is nothing inconsistent in the *O'Driscoll* opinion, since the only punishment for federal murder is life in prison—a term of years is not a proper sentence under the statute—section 4205(b)(1), which presupposes that the district judge has discretion to impose a term of years, is inapplicable to federal murder, and that is our case. Whether *O'Driscoll*, or the authorities cited in our original opinion, should be followed in other cases is a question for another day.

This opinion supplements the discussion on pages 799–800 of our original opinion.

OPINION AMENDED; REHEARING DENIED.