AMERICAN CYANAMID COMPANY, et al., Plaintiffs,

v.

KING INDUSTRIES, INC., et al., Defendants.

Civ. A. No. 87–0110–P.

United States District Court, D. Rhode Island.

Feb. 8, 1993.

Deming E. Sherman, Edwards & Angell, Providence, RI, for plaintiffs.

Amato A. Deluca, Mandell, Goodman, DeLuca & Schwartz, Providence, RI, Michael V. Burns, Westport, CT, for defendant King Industries.

Paul V. Reynolds, Boyer, Reynolds & DeMarco, Ltd., Providence, RI, for defendants Gar Electroforming, Electroformers, Inc.

Roy P. Giarrusso, Louis N. Massery, Boston, MA, George David Caruolo, Pass, Caruolo & Conley, East Providence, RI, for defendant Mite Corp.

Bruce D. Todesco, Mark O. Denehy, Adler Pollock & Sheehan, Inc., John A. Baglini, Higgins & Slattery, Providence, RI, Jaclyn McKenney, Serino, Young, Ley & Grumbach, Boston, MA, for defendant Hercules Inc.

John J. Barton, Pamela C. Slater, Taylor, Anderson & Travers, Boston, MA, John A. Baglini, Higgins & Slattery, Providence, RI, for defendant Axton–Cross Co.

Robert G. Flanders, Jr., Flanders & Medeiros, Providence, RI, Peter John Sacripanti, Sidley & Austin, New York City, for defendant M & T Chemicals, Inc.

Berndt W. Anderson, Roberts, Carroll, Feldstein & Peirce, Inc., Providence, RI, Theodore L. Barrett, Anthony Herman, Covington & Burling, Washington, DC, for defendant J.T. Baker Chemical Co.

Mark T. Nugent, Rice, Dolan & Kershaw, Providence, RI, for defendant Keuffel & Esser Co.

Michael A. Leon, Ralph T. Lepore, III, Janice Kelley Rowan, Warner & Stackpole, Boston, MA, John A. Baglini, Higgins & Slattery, Providence, RI, for defendants Hoechst Celanese Corp., Ciba–Geigy Corp.

Thomas C. Plunkett, Kiernan, Plunkett & Redihan, Providence, RI, for defendant Allied Signal.

William R. Landry, Blish & Cavanagh, Providence, RI, for defendant Con–Lux Coatings, Inc.

Richard R. Steinmetz, Murtha, Cullina, Richter & Pinney, Hartford, CT, Christine M. Gravelle, Tillinghast, Collins & Graham, Providence, RI, R. Bradford Fawley, Murtha, Cullina, Richter & Pinney, Hartford, CT, for defendant E.I. Dupont De Nemours & Co.

Gregory L. Benik, McGovern, Noel & Benik, Gerald J. Petros, Hinckley, Allen, Snyder & Comen, Providence, RI, for defendant Hammermill Paper Co.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

With the trial of this contribution action fast approaching, defendants have objected to, and appeal from, the December 2, 1992 Order of the Magistrate denying defendants' Motion for Reconsideration of Order Striking Jury Demand and For Award of Jury Trial. For the reasons stated below, I GRANT defendants' Motion for Reconsideration. Having determined that defendants are not entitled to a jury trial in this case, however, I DENY the Motion For Award of Jury Trial.

### I

This case stems from a finding of liability under § 107 of the Comprehensive Environmental Response, Compensation, and Liabili-

ty Act ("CERCLA"), 42 U.S.C. § 9607, against the American Cyanamid Company and Rohm & Haas Company (the "plaintiffs") in *O'Neil v. Picillo*, 682 F.Supp. 706 (D.R.I. 1988), *aff'd*, 883 F.2d 176 (1st Cir.1989), *cert. denied*, 493 U.S. 1071, 110 S.Ct. 1115, 107 L.Ed.2d 1022 (1990). Having been found jointly and severally liable for the unrecovered response costs relating to the Picillo Superfund Site, plaintiffs filed this contribution action pursuant to CERCLA § 113(f)(1), 42 U.S.C. § 9613(f)(1), which allows parties found liable under § 107 to sue other "liable or potentially liable" persons.

On December 30, 1990, the plaintiffs filed a Motion to Strike the Jury Demands of defendants Mite Corporation ("Mite"), Keuffel & Esser Co. ("Keuffel"), and Allied Chemical Corporation ("Allied") on the ground that contribution actions under § 113(f)(1) do not permit a trial by jury. Mite, Keuffel and Allied never objected to the Motion to Strike, and on January 30, 1991, this Court granted the plaintiffs' motion without a formal memorandum decision.

On October 26, 1992, defendants filed their Motion for Reconsideration of Order Striking Jury Trial Demand and for Award of Jury Trial. Defendants sought reconsideration of the Court's January 30, 1991 Order striking the jury demands, on the basis of a recently-issued case upholding a right to jury trial for contribution claims under § 113(f)(1). *See United States v. Shaner*, C.A. No. 85–1372, 1992 WL 154572, 1992 U.S.Dist. LEXIS 9000 (E.D.Pa. June 16, 1992). Alternatively, defendants requested that this Court exercise its discretion under Federal Rule of Civil Procedure 39(b) and award defendants a jury trial based on the teachings of *In re N–500L Cases*, 691 F.2d 15 (1st Cir.1982), and the Seventh Amendment.

On November 9, 1992, plaintiffs filed their opposition to defendants' motion, relying on waiver under Federal Rule of Civil Procedure 38, law of the case, and alleged errors in the reasoning of the *Shaner* decision and others cited by defendants as the grounds for their opposition.

The Motion was referred to the Magistrate and on December 2, 1992, he issued his Memorandum and Order denying defendants' motion, and adopting in large part the reasoning in the plaintiffs' opposition brief, including its conclusion that *Shaner* was incorrectly decided.

## II

### A

While this jury trial issue has reared its head at the proverbial eleventh hour, it is not one which I can dismiss with ease on procedural grounds. Although the Court is not generally inclined to reconsider a ruling made over two years ago, and, no less, without objection from the adversely affected party, the Constitution's fundamental solicitude for the right to a jury trial compels a reconsideration of the defendants' position. As the Supreme Court has repeatedly noted: "'Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.'" *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501, 79 S.Ct. 948, 952, 3 L.Ed.2d 988 (1959) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935)). With these words in mind, and with the prospect of a protracted proceeding ahead, I believe that this issue warrants more detailed attention. I therefore reject plaintiffs' waiver and law of the case objections, and GRANT defendants' Motion for Reconsideration.

### B

The Seventh Amendment to the U.S. Constitution provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ..." U.S. Const. amend. VII. The right to a jury trial includes more than the common-law forms of action recognized in 1791 at the time of passage of the amendment. "[T]he phrase 'Suits at common law' refers to 'suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered.'" *Chauffeurs, Teamsters & Helpers,*

*Local No. 391 v. Terry,* 494 U.S. 558, 564, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990) (quoting *Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830)).

■■■ The right to jury trial also extends to causes of action created by Congress. *Id.* (citing *Tull v. United States,* 481 U.S. 412, 417, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987)). In actions enforcing statutory rights, the Seventh Amendment "requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974). The determination involves an examination of "both the nature of the issues to be tried and the remedy sought," and the second inquiry—whether the remedy sought is legal or equitable in nature—"is the more important in our analysis." *Wooddell v. Intern. Broth. of Elec. Workers, Local 71,* — U.S. —, — — —, 112 S.Ct. 494, 497–98, 116 L.Ed.2d 419 (1991) (citations omitted).

Before engaging in a Seventh Amendment analysis, however, it is appropriate to examine the nature of the right to contribution created by § 113(f)(1) to determine whether it demonstrates Congress' intent to create a right to jury trial. *See Tull,* 481 U.S. at 417 n. 3, 107 S.Ct. at 1835 n. 3 (1987) (construction of statute may avoid constitutional question). Section 113(f)(1) provides in relevant part:

> (1) CONTRIBUTION—Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a).... Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate.... 42 U.S.C. § 9613(f)(1).

The statute does not expressly state whether an action under § 113(f)(1) is to be tried before a jury. While it provides that "the court *may* allocate response costs among liable parties" (emphasis added), the function of "resolving contribution claims" is not ex-

pressly assigned to a judge. In addition, the court's participation in the allocation function is described in discretionary terms, and the statute does not expressly restrict that function to the province of a judge. Thus, the statute itself cannot be construed as stating whether there is, or is not, a right to jury trial. *See Pomon v. General Dynamics Corp.,* 574 F.Supp. 147, 149 (D.R.I.1983).

■■■ As this Court has previously noted, "[t]hat the statute does not expressly provide for jury trials does not end the matter. Legislative intent, if discernible, must be consulted." *Turner v. Leesona Corp.,* 673 F.Supp. 67, 69 (D.R.I.1987) (citing *Pernell v. Southall Realty,* 416 U.S. 363, 366, 94 S.Ct. 1723, 1725, 40 L.Ed.2d 198 (1974)). Section 113(f)(1) was added to CERCLA by the Superfund Amendments and Reauthorization Act of 1986, Pub.L. No. 99–499, 100 Stat. 1613 (1986) ("SARA"), and codified a right to contribution which had already been implied by numerous courts under federal common law. *See, e.g., U.S. v. New Castle County,* 642 F.Supp. 1258, 1269 (D.Del.1986); *U.S. v. Conservation Chemical Co.,* 619 F.Supp. 162, 228 (W.D.Mo.1985); *Wehner v. Syntex Agribusiness, Inc.,* 616 F.Supp. 27, 31 (E.D.Mo. 1985); *Colorado v. ASARCO, Inc.,* 608 F.Supp. 1484, 1492 (D.Colo.1985); *U.S. v. A & F Materials Co.,* 578 F.Supp. 1249, 1256 (S.D.Ill.1984). The Conference Report issued by Congress concerning the SARA amendments says little about the purpose and provisions of § 113(f)(1), and does not expressly address the right to a jury trial. *See* Joint Explanatory Statement of the Committee of Conference, H.R.Conf.Rep. No. 962, 99th Cong., 2d Sess. 221–22 (1986), *reprinted in* 1986 U.S.C.C.A.N. 2835, 3276, 3314–15 ("The Senate amendment adds a new section to CERCLA to clarify and confirm that parties found liable under sections 104, 106, 107 would have a right of contribution which would allow them to sue other liable or potentially liable persons.... [The House amendment] establishes a new section 113(f) for authority by settling parties to seek contribution from non-settlors"). The House and Senate committee reports are similarly devoid of any express reference to whether there is a right to trial by jury of a

contribution claim under § 113(f)(1). *See, e.g.,* S.Rep. No. 11, 99th Cong., 1st Sess. (1985); H.R.Rep. No. 253, parts I, III, and V, 99th Cong., 1st Sess. (1985), *reprinted in* 1986 U.S.C.C.A.N. 2835, *et seq.* Thus, the legislative history of § 113(f)(1) does not provide an express basis for determining whether Congress intended to create a right to a jury trial under that statute. *See generally Turner,* 673 F.Supp. at 70 (where review of statute's language and legislative history "indicate[s] that Congress simply did not decide the matter" of right to jury trial "congressional neutrality" mandates examination of "rights and remedies" at issue); *Deborah Leslie, Ltd. v. Rona, Inc.,* 630 F.Supp. 1250, 1254 (D.R.I.1986).

The statute itself and the legislative history offer no assistance in deciding whether Congress intended a right to trial by jury of contribution claims under § 113(f)(1). Thus, the Court must apply a Seventh Amendment analysis, determining whether the issues to be tried and the relief sought are legal or equitable in nature.

The defendants contend that the issues involved in this action require the determination of legal rights, and that the relief sought by plaintiffs is essentially in the nature of legal damages. They rely, in large part, on a recent district court decision which found a Seventh Amendment right to jury trial under § 113(f)(1). *See United States v. Shaner, supra.* The *Shaner* Court drew heavily upon an analogy to contribution actions brought pursuant to the Federal Tort Claims Act (the "FTCA"), and particularly upon the reasoning in *Globig v. Greene & Gust Co.,* 184 F.Supp. 530 (E.D.Wis.1960). It adopted the following analysis of the nature of the right at issue in a contribution claim:

> It is plain that the obligation of a joint tort-feasor to contribute arises out of the tort and the fact that one seeking contribution has paid more than his fair and just share. The word "equitable" as mentioned in the decisions does not mean a matter for chancery. It does not mean "equity" as opposed to "law." It is founded upon natural justice, and when words "equitable" or "equity" are used, reference is made to an attempt to do right and to deal fairly between the parties. Nonetheless, it is a legal right enforced in actions at law where the parties have a right to a jury trial. *Shaner,* slip op. at 7 (quoting *Globig,* 184 F.Supp. at 534).

The *Shaner* court found additional support for its conclusion that "contribution actions are legal in nature" from the Ninth Circuit's decision in *Palmer v. United States,* 652 F.2d 893 (9th Cir.1981), *overruled on other grounds, sub nom. White v. McGinnis,* 903 F.2d 699 (9th Cir.), *cert. denied,* 498 U.S. 903, 111 S.Ct. 266, 112 L.Ed.2d 223 (1990), where the court held that a third-party claim for partial comparative indemnity in a lawsuit arising under the FTCA was legal in nature. *See Shaner,* slip op. at 7. Finally, based on the *Globig* and *Palmer* analyses of the genesis and nature of the right to recovery at issue in a contribution claim, the *Shaner* court concluded that "CERCLA § 113 actions are legal in nature and thus create an implicit right to jury trial." *Id.* at 7–8.

Searching for corroborating First Circuit precedent on this issue, defendants' cite *In re N–500L Cases, supra.* In *In re N–500L,* the First Circuit considered the right to a jury trial on contribution claims arising out of a negligence action based on the crash of an air taxi. The court noted the "wide disagreement among the federal courts that have considered whether contribution is a legal or equitable claim," and explained that it was among those courts which, when calling "contribution an equitable doctrine, use the term in its sense of fairness and justice and do not address the jury trial question." *Id.* at 19–20 (citing *Newport Air Park, Inc. v. United States,* 419 F.2d 342, 344 (1st Cir.1969)). It concluded that because the right to contribution entails legal issues of liability, comparative fault, and damages, a contribution claim is legal in nature and is to be tried to a jury. *Id.* at 21 (citing *Pernell v. Southall Realty,* 416 U.S. at 375, 94 S.Ct. at 1729).

▮ Plaintiffs argue, and I agree, that the analogy to contribution actions pursuant to the FTCA and other negligence theories is misplaced. The underlying claim in this case is an action brought to recover response costs under § 107 of CERCLA. *See O'Neil*

*v. Picillo, supra.* Courts have uniformly held that there is no right to a jury trial in such actions. *See, e.g., United States v. Northeastern Pharmaceutical & Chem. Co.,* 810 F.2d 726, 749 (8th Cir.1986), *cert. denied,* 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987); *United States v. Mexico Feed And Seed Co.,* 729 F.Supp. 1250, 1254 (E.D.Mo. 1990); *United States v. Northernaire Plating Co.,* 685 F.Supp. 1410, 1413 (W.D.Mich.1988), *aff'd sub nom, United States v. R.W. Meyer, Inc.,* 889 F.2d 1497 (6th Cir.1989), *cert. denied,* 494 U.S. 1057, 110 S.Ct. 1527, 108 L.Ed.2d 767 (1990); *United States v. Mottolo,* 605 F.Supp. 898, 912–13 (D.N.H.1985). A CERCLA action to recover response costs is equitable in nature, and therefore no jury right attaches to it. As one court has noted:

> [N]o Seventh Amendment right to a jury trial attaches where plaintiffs seek merely equitable relief, the return of monies expended for the cleanup of hazardous waste. Plaintiffs seek restitution, that is, to restore the *status quo* by receiving their rightful reimbursement. This restitution remedy is under the jurisdiction of a court of equity and there is no jury right where purely equitable relief is sought. *Mottolo,* 605 F.Supp. at 913 (citations omitted) (granting plaintiffs' motion to strike jury demand).

While the underlying CERCLA § 107 action is clearly equitable in nature, this does not necessarily compel a similar finding as to the derivative contribution action under § 113(f)(1). In this regard, however, the First Circuit's reasoning in *In re N–500L* is instructive:

> At the heart of the original plaintiffs' claims against appellants and of appellees' contribution claims are allegations of appellants' negligence liability towards the plaintiffs and a claim for damages. Logically, the claim for contribution is derivative of the original plaintiffs' right to sue appellants directly for their negligence. [ ] It arises out of the tort and turns on the legal relationship between the injured plaintiffs and the contribution defen-

dants—the duty owed the former by the latter—and not on any relationship between the parties to the contribution action. Hence, '[i]t is a prerequisite of contribution that the contribution defendant must have been originally liable to plaintiff.' [ ].... Unless and until appellants are found liable for the plaintiffs' injuries, it cannot be determined to what extent, if any, they are liable in damages to appellees. We conclude ... that these underlying issues of negligence liability and damages are legal in nature and entitled appellants to a jury trial of the contribution claims. 691 F.2d at 21 (citations omitted).

In the case at hand, plaintiffs' § 113(f)(1) contribution claim does not arise out of an allegation of defendants' negligence liability or a claim for damages. The underlying issues to be tried are whether the defendants are liable for response costs under § 107, and to what extent, if any, they are liable for their share of those costs to the plaintiffs. Logically, plaintiffs' right to recovery derives directly from the state and federal government's equitable right to hold defendants liable for response costs and to seek restitution. These issues of response cost liability and apportionment of restitutionary relief are equitable in nature, and do not entitle defendants to a trial by jury.

Finally, while the decisional law in this area is sparse, the Court's research has uncovered two additional cases which have held that no constitutional right to a jury trial attaches to contribution claims under CERCLA. In the first case, *United States v. Conservation Chemical Co.,* C.A. No. 82–0983–CV–W–5 (W.D.Mo. April 29, 1985) (slip op. available on LEXIS), decided before the enactment of § 113(f)(1), a special master considered several third-party defendants' demand for a jury trial on defendants/third party plaintiffs' claims for contribution and indemnification for response costs sought by the government under § 107 of CERCLA.[1] The court held that the third-party defendants had no right to a jury trial "on the contribution claims made against them where

---

1. I note, as well, that the *Conservation Chemical* case was one of the first to imply a right of contribution under CERCLA § 107, in accor-

dance with general federal common law principles. *See United States v. Conservation Chemical Co.,* 619 F.Supp. 162, 228 (W.D.Mo.1985).

the contribution sounds in equitable restitution as distinguished from legal damages." *Id.* at 6 (citing *United States v. Long,* 537 F.2d 1151, 1153 (4th Cir.), *cert. denied,* 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976)).

Similarly, in *Richmond, Fredericksburg and Potomac Railroad Co. v. Clarke,* C.A. No. 90–00336, 1991 WL 321033 (E.D.Va. January 22, 1991), a private party cost recovery and contribution action based upon CERCLA § 107 and § 113(f)(1), the court rejected the defendant's jury demand. Citing § 113(f)(1)'s explicit reference to the district court's allocation of response costs "using such equitable factors as the court determines are appropriate," the court held that "[t]here can be no doubt that the contribution claim is essentially equitable in nature and that [defendant's] jury demand based on this theory should be denied." *Id.* at *4.

These two unpublished memorandum decisions are far from thorough in their analysis of the jury trial issue. I believe, however, that they reach the correct conclusion that the issues involved and the remedy sought in a § 113(f)(1) contribution action are equitable in nature, and that no right to a jury trial attaches.

### III

For the reasons stated above, I find that plaintiffs' § 113(f)(1) contribution action involves issues and relief that are wholly equitable in nature and that defendants are not entitled to a jury trial. Defendants' Motion For Award of Jury Trial is, therefore, DENIED.

SO ORDERED.