**EnergyNorth v. UGI Utilities**          **CV-00-500-B**   **03/28/03**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**EnergyNorth Natural Gas, Inc.**

   **v.**                                          Civil No. 00-500-B
                                              Opinion No. 2003 DNH 056

**UGI Utilities, Inc.**


**O R D E R**

EnergyNorth Natural Gas, Inc. ("EnergyNorth") brought suit against UGI Utilities, Inc. ("UGI") under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9601, et seq, (1995 & Supp. 2002) ("CERCLA"), seeking contribution for costs it incurred, and will incur in the future, in cleaning up property it owns on Elm Street in Manchester, New Hampshire ("Manchester site"). EnergyNorth also seeks relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201 (1994 & Supp. 2002). In addition to it's federal claims, EnergyNorth seeks contribution under the New Hampshire hazardous waste statute, N.H. Rev. Stat. Ann. ("RSA") § 147-B (1996 & Supp. 2002), and under New Hampshire's general contribution statute, RSA § 507:7 (1997 & Supp. 2001). UGI alleges various

counterclaims including it's own CERCLA and RSA § 147-B claims, a statutory contribution claim under RSA § 507-7 and common law indemnification and breach of contract counterclaims (Doc. No. 19).

UGI has asked me to remove this case from the jury list. It argues that EnergyNorth has no right to a jury trial with respect to its CERCLA, Declaratory Judgment Act, RSA § 147-B, and RSA § 507:7 claims. Although UGI concedes that EnergyNorth has a right to have UGI's breach of contract counterclaim tried to a jury, it argues that the counterclaim should be severed from the main case and tried to a jury, if necessary, at a later date. EnergyNorth concedes that it has no right to have its CERCLA claims tried to a jury but argues that it is entitled to a jury trial with respect to the remaining claims. It opposes severance, contending that it would be inefficient to hold separate trials. It also argues that its right to a jury trial could be compromised if I were to sever the breach of contract counterclaim and wait to try it until after the main trial has been completed.[1]

---

[1] UGI also moves to sever it's state law claims. (Doc. No. 63). For the reasons discussed below, I deny it's motion as to the RSA §§ 147-B, 507-7 and common law indemnification counterclaims; however, I grant it's motion as to the breach of

-2-

I resolve UGI's motion by first outlining Supreme Court and First Circuit precedents discussing the Seventh Amendment right to a jury trial.[2]  I then apply the precedent to each of the claims for which the right to a jury trial is in dispute. Finally, I consider UGI's argument for severance.

## I.    Seventh Amendment Analysis

Generally speaking, the Seventh Amendment right to a jury trial attaches only to claims that are legal in nature.  See Markman v. Westview Instruments, Inc., 517 U.S. 370, 376 (1996). The determination of whether a right to a jury trial exists for a particular claim "depends not upon the factual setting from which the claim arose, however, but (i) upon whether the claim involves an issue triable of right by a jury, and (ii) upon the nature of

---

contract counterclaim.  In addition, UGI moves to withdraw it's claim for attorney's fees under Harkeem v. Adams, 117 N.H. 687 (1997).  (Doc. No. 63).  I grant UGI's motion to withdraw it's claim for attorney's fees.

[2]  The Seventh Amendment provides the appropriate framework for analyzing UGI's motion to remove the case from the jury list because EnergyNorth does not argue that it has a statutory right to a jury trial with respect to its federal Declaratory Judgment Act claim and its right to a jury trial with respect to its state law claims is governed by federal law.  See Simeler v. Conner, 372 U.S. 221, 222 (1963); Ed Peters Jewelry Co., Inc. v. C&J Jewelry Co., Inc., 215 F.3d 182, 186 (1st Cir. 2000).

the cause of action as well as its historical treatment in English-American jurisprudence (viz., whether the proceedings are more emblematic of a legal proceeding, as distinguished from an equitable one." Bogosian v. Woloohojian Realty Corp., 2003 WL 1337702 (1st Cir. March 19, 2003)(citing Tull v. United States, 481 U.S. 412, 417-418 (1987)). This test requires an analysis of which court a particular statutory action would have been brought in the 18th-century, prior to the merger of law and equity. Hatco v. W.R. Grace & Co. Conn., 59 F.3d 400, 412 (3d Cir. 1995)(citing Wooddell v. Int'l Brotherhod of Electronic Workers, Local 71, 502 U.S. 93, 97 (1991)). In applying this test, I acknowledge that a right to a jury trial is "not dependent on the character of the overall action but rather is to be determined by looking to the nature of the issue to be tried." In re N-500L, 691 F.2d 15, 19 (1st Cir. 1982)(citing Pernell v. Southall Realty, 416 U.S. 363, 375 (1974)). With this test in mind, I turn to EnergyNorth's specific claims.

## II. RSA §§ 147-B:10 and 507-7

RSA § 147-B:10, like CERCLA, gives a person who has incurred environmental response costs a right to contribution against a facility's prior owners and operators. See RSA § 147-B:10-

-4-

III(b).  RSA § 507-7 is New Hampshire's general contribution statute.  Neither provision purports to grant claimants a right to a jury trial and nothing in either provision's legislative history suggests that the New Hampshire legislature intended it to be enforced through a jury trial.[3]  In Hatco, the third circuit determined that the Seventh Amendment does not entitle litigants to have CERCLA contribution claims tried to a jury. Hatco, 59 F.3d at 413.  The Third Circuit's reasoning on this point persuasive and indistinguishable from the claims at issue here as EnergyNorth's state law claims mirror the right to contribution under CERCLA.  See e.g., Sherilyn Young and Charles G. Willing, Jr., Defending a Complex Private Hazardous Waste Case, New Hampshire Bar Journal, June 1991, n.43 (citing House Comm. on Env't and Agriculture Report on HB 58, as amended, at 1 (1986) and noting purpose of RSA § 147:B is to give state enforcement mechanism equivalent to CERCLA).  Thus, I reject EnergyNorth's claim that it has a right to a jury trial with

---

[3]  I express no view as to whether a contribution claimant has a right to a jury trial under RSA § 507-7 when the underlying claim on which the right to contribution is based is a legal claim that ordinarily is tried to a jury.

respect to its RSA §§ 147-B and 507-7 claims.[4]

### III.  Declaratory Judgment Claims

EnergyNorth contends that it also has a right to a jury trial under the Declaratory Judgment Act, 28 U.S.C. § 2201.  The right to a jury for claims brought under the Declaratory Judgment Act depends on whether a right to a jury trial exists on the underlying action upon which declaratory relief is sought.  See Simler v. Conner, 372 U.S. 221, 223 (1963); United States Fidelity & Guaranty Co. v. Nauer et al., 1 F.R.D. 547 (D. Mass. 1941); United States v. Wade, 653 F.Supp. 11, 13 19 (E.D.Pa. 1984)(CERCLA context); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 2d § 2313 (2d ed. 1995 & Supp. 2003).  Therefore, as EnergyNorth's contribution claims under CERCLA, RSA § 147-B:10 and RSA § 507-7 do not provide for a jury trial, it has no right to a jury trial with respect to its derivative claim under the federal Declaratory Judgment Act.

---

[4]  The Hatco Court's reasoning applies with equal force to UGI's common law indemnification counterclaim.  See Anenin Cyammid v. Key Industries, Inc., 814 F. Supp. 209, 214 (D.R.I. 1993) (citing United States v. Conservation Chemical Co., C.A. No. 92-0983-cv-W-5 (W.D. Mo. 1985) (no right to a jury trial for indemnification or contribution claims for CERCLA response costs).

## IV.  **Breach of Contract Counterclaim**

UGI asserts in its breach of contract counterclaim that EnergyNorth breached its contractual obligation to hold UGI harmless for any liability arising from the provision of services by UGI at the Manchester facility.  UGI asks me to sever this claim from the main case and set it for trial at a later date.

I ordinarily resolve all related claims in a case at one time.  If a case includes both jury and non-jury claims, I also ordinarily resolve the jury claims first to avoid the possibility that the parties' right to a jury trial could be compromised if I were to resolve factual questions in disposing of the non-jury claims that are material to the resolution of claims that must be tried to a jury.  See Boogosian, 2003 W.L. 1337702 *4.  In this case, however, circumstances warrant a different approach. First, although the claims and counterclaims at issue arise from the same factual setting, the breach of contract counterclaim is not interwoven with the main claims.  I thus can resolve the non-jury claims first without determining factual issues that will estop EnergyNorth from litigating any factual questions that are

material to the resolution of the contract counterclaim.[5] See id. Second, it makes sense to try the non-jury issues first because the counterclaims will be moot unless I find in EnergyNorth's favor with respect to one or more of the non-jury claims. Third, in order to resolve the non-jury issues, I will likely have to resolve several complex evidentiary questions that cannot be efficiently addressed with a jury present. Thus, I grant UGI's request to sever the breach of contract claim for trial at a later date.

### CONCLUSION

For the forgoing reasons, I grant UGI's motion to remove the case from the jury list as to EnergyNorth's CERCLA, RSA § 147:B-10, Declaratory Judgment Act (28 U.S.C. § 2201), and New Hampshire contribution claim (RSA § 507:7) claims and as to UGI's corresponding counterclaims. (Doc. No. 45). I deny UGI's motion to remove from the jury list UGI's breach of contract counterclaim. I also deny UGI's motion to sever it's state law

---

[5] If it becomes apparent that factual issues material to the counterclaim overlap with factual issues material to the non-jury claims, I will preserve EnergyNorth's right to a jury trial by withholding a decision on the non-jury claims until after the jury claims are resolved.

-8-

counterclaims as to it's claims under RSA §§ 147-B and 507-7 and it's common law counterclaim for indemnification. (Doc. No. 63). I grant UGI's motion to sever as to it's breach of contract counterclaim. (Doc. No. 63). I also grant UGI's motion to withdraw it's claims for attorney's fees. (Doc. No. 63). I will conduct a bench trial on all equitable claims and resolve the breach of contract claim, if necessary, at a later date.

     SO ORDERED.

 

_____
Paul Barbadoro
Chief Judge

March 28, 2003

cc:  Bruce W. Felmly, Esq.
     E. Tipper Kinder, Esq.