**1ST SOURCE BANK, Plaintiff,**

v.

**FIRST RESOURCE FEDERAL CREDIT UNION, Defendant.**

No. 3:94–CV–591RM.

United States District Court,
N.D. Indiana,
South Bend Division.

April 18, 1996.

Paul B. Hunt, David R. Melton, Barnes and Thornburg, South Bend, IN, for plaintiff and counter-defendant.

Timothy J. Abeska, Jeanine M. Gozdecki, Roemer and Mintz, South Bend, IN, Mark J. Liss, Maureen R. Smith, James D. Zalewa, Leydig Voit and Mayer, Chicago, IL, Andrea S. Lestelle, Lestelle and Lestelle, Metairie, LA, Roy F. Amedee, Jr., LaPlace, LA, for defendant.

Timothy J. Abeska, Jeanine M. Gozdecki, Roemer and Mintz, South Bend, IN, Mark J. Liss, Maureen R. Smith, James D. Zalewa, Leydig Voit and Mayer, Chicago, IL, for counter-claimant.

### MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on the plaintiff's motion in limine to exclude the expert testimony of Stephen Willis, the defendant's damages expert. 1st Source seeks an order pursuant to Federal Rule of Civil Procedure 37(c)(1) precluding First Resource's damages expert, Stephen Willis, from testifying at trial because his report pursuant to Rule 26(a)(2) is deficient. For the reasons that follow, the court grants in part and denies in part the plaintiff's motion in limine.

### 1. Local Rule 37.1

First Resource first argues that 1st Source's motion should be denied because it did not file an affidavit pursuant to N.D.Ind. L.R. 37.1, which states that the court "may deny any discovery motion ... unless counsel for the moving party files with the court, at the time of filing the motion, a separate statement showing that the attorney making the motion has made a good faith effort to reach agreement with the opposing attorney(s) on the matter(s) set forth in the motion." According to First Resource, 1st Source did not even attempt to resolve the dispute now at issue before filing the motion in limine.

1st Source acknowledges that it did not file a statement pursuant to Local Rule 37.1, and attaches the affidavit of its attorney, Paul Hunt, to its reply. Though 1st Source questions the applicability of Local Rule 37.1 in this situation, it renews its motion in its reply, so the motion and 37.1 statement are made contemporaneously, curing that defect. First Resource filed a sur-reply to the renewed motion in limine, and argues that 1st Source clearly failed to comply with Local Rule 37.1 because it filed the motion in limine before its attorney called Maureen Smith, an attorney for First Resource, to inform her that 1st Source would not depose Mr. Willis because of the report's incompleteness. *See* Smith Aff., ¶ 5.

Federal Rule of Civil Procedure 37(c)(1) is self-executing: "A party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not, unless such failure is harmless, be permitted to use as evidence at trial ... any witness or information not so disclosed." The exclusion of undisclosed information is automatic; "there is no need for the opposing party to make a motion to compel disclosure, as authorized by Rule 37(a)(2)(A) in order to compel a further disclosure, as a predicate for imposition of the sanction of exclusion."

Wright & Miller, *Federal Practice and Procedure*, § 2289.1. Though Local Rule 37.1 applies to all discovery motions, 1st Source's motion for exclusion does not fall under the category of discovery motions,[1] and no statement under Local Rule 37.1 was necessary. The court declines to deny 1st Source's motion on this basis.

### 2. Timeliness

First Resource next claims that 1st Source's motion is untimely because 1st Source waited seven weeks after receiving Mr. Willis' report to make the motion. 1st Source argues that its motion is timely because it was filed before the April 17 deadline for motions in limine. 1st Source also points out that because First Resource waited until the last day possible to submit Mr. Willis' report, any delay by 1st Source in bringing this motion could not have caused any prejudice to First Resource, which had left itself no time to amend or supplement the report.

Under Federal Rule of Civil Procedure 37(c)(1), exclusion of undisclosed information is automatic, unless the nonmovant can show that its failure to disclose was substantially justified, or that such failure is harmless. The court agrees that the deadline for motions in limine is the applicable deadline, and that the analysis under Rule 37(c)(1) is not affected by 1st Source's ability to bring its motion earlier. The court declines to deny 1st Source's motion as untimely.

### 3. Motion in Limine

1st Source contends that "none of Mr. Willis' 'opinions' are supported with any basis or reason", and then explains why it believes Mr. Willis' report is insufficient under Rule 26(a)(2) on four of the subjects it discusses. After examining Mr. Willis' report, the court does not agree that it is so wholly insufficient that Mr. Willis should be precluded from testifying at all at trial.

---

1. Local Rule 37.1 tracks on Federal Rule of Civil Procedure 37(a)(2)(A), which requires that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." 1st Source does not seek disclosure of Mr. Willis' opinions or reasons for those opinions. It seeks an order precluding First Resource from offering testimony not disclosed in Mr. Willis' Rule 26(a)(2) report.

### a.

■ 1st Source first contends that, although Mr. Willis' states that he "expects to testify that the methodology by which plaintiff has calculated damages is defective and unsupported by the available record", Report at 5, he provides no basis or reason why it is defective. The statement, however, is contained in what appears to be the introduction to Mr. Willis' report. The bases for Mr. Willis' opinion that the damages calculation is defective are set forth in the remaining six and one-half pages of the report, and the court finds nothing insufficient about Mr. Willis' statement of his overall opinion in prefacing his report.

### b.

■ 1st Source finds Mr. Willis' statements on pages 6 and 7 of his report regarding 1st Source's calculation of First Resource's profits as a result of the use of the allegedly infringing marks incomplete and without basis. 1st Source acknowledges that Mr. Willis states in his report that his opinion is founded on: (1) his disagreement with the attribution of all gains in First Resource's profits to the allegedly infringing marks; (2) his belief that First Resource's profits derived from many factors, including the five Mr. Willis lists; and (3) his belief that the determination of what portion of First Resource's profits are attributable to the use of the marks would require a study of those factors and identification of the members, if any, who confusingly became First Resource members. Report at 6–8. However, 1st Source claims, for example, that Mr. Willis named as a relevant factor "defendant's 'spread' or the difference in the interest rates which defendant paid on member savings and the rates earned on member loans", but does not indicate what the defendant's "spread" is, or how it serves as a basis for his opinion.

First Resource claims that Mr. Willis' opinions are sufficiently specific and supported, especially in light of the fact that the purpose of his testimony is not to suggest alternative amounts, but instead criticizes 1st Source's calculations. According to First Resource, Mr. Willis' opinion is that 1st Source's failure to consider other factors renders its calculation of First Resource's profits from the use of the allegedly infringing marks unfounded and speculative, and to require greater specificity would force First Resource to correct 1st Source's damages theory and calculation.

Mr. Willis's report sets forth his opinion that 1st Source's calculations of the profits attributable to the use of the allegedly infringing marks are defective, and the bases of his opinion. The court agrees that, as a rebuttal expert witness, Mr. Willis may criticize 1st Source's damages theories and calculations without offering alternatives. The portion of Mr. Willis' report on 1st Source's damages calculation as it relates to First Resource's profits is sufficient under Rule 26(a)(2). 1st Source was free to exact the information it desires on the components of First Resource's profits by deposing Mr. Willis.

■ 1st Source also asserts that Mr. Willis' conclusion that a study would have to be done to determine what profits, if any, were earned as a result of the use of the allegedly infringing marks is completely unsupported. The court finds this opinion sufficiently grounded on Mr. Willis' damages expertise, and on his earlier opinion that 1st Source's attribution of all gains in profits to the use of the allegedly infringing marks fails to take into consideration certain factors.

### c.

■ 1st Source also points to Mr. Willis' claim that 1st Source's damages for corrective advertising are "unsupported by the available record … and … the methodology employed by the plaintiff is defective." Report at 8. 1st Source calls the statement "bald", but offers no argument regarding further explanation or basis it believes Rule 26(a)(2) requires.

The sentence 1st Source refers to is, however, followed by further explanation of Mr. Willis' opinions. The next paragraph of the report explains that the opinion is based on Mr. Willis' finding that nothing in the record of this case supports a finding that First Resource's promotion of the marks confused

any potential customers of 1st Source, and that most of the advertising was directed at current First Resource members. The report then explains that it is Mr. Willis' opinion that 1st Source's conclusion that the amount expended by First Resource in promoting the marks is equal to the amount 1st Source would have to spend to undo the economic loss it alleges it suffered as a result of that promotion is unsupported by the record and defective. With one possible exception to be discussed below, Mr. Willis' report offers sufficient bases for his opinion regarding corrective advertising.

To the extent that Mr. Willis' opinions are based on his examination of the record and what he believes it supports, his statement to that effect sufficiently sets forth his reasons. If Mr. Willis' has other reasons for believing that 1st Source's conclusion that to correct the damage, it will have to spend what First Resource spent in promoting the marks is "defective," 1st Source may raise any such objection during Mr. Willis' testimony.

■ 1st Source also challenges the adequacy of the report's support of Mr. Willis' opinion that, even if 1st Source's method of determining the cost of corrective advertising is not defective, the inclusion of the categories of "Advertising, Promotion and Related Expenditures" is defective. According to 1st Source, Mr. Willis' report claims that 1st Source wrongly includes categories such as "office operations expense" and "member education and promotion" as supporting the need for corrective advertising, without offering any reason for such a conclusion. Again, the court disagrees. The report states explicitly: "Mr. Willis is expected to testify that contained within these categories are expenses which are not characteristic of promotion and advertising ... [and] of those expenses which are characteristic of promotion or advertising, most of those expenses were directed to current members of the credit union. Accordingly, it would be inappropriate to conclude that such expenses would support the notion of the need for 'corrective' promotion and advertising." This portion of the report clearly sets forth Mr. Willis' reasons for his conclusion.

■ 1st Source also claims that although Mr. Willis states that "office operations expense" and "member education and promotion" should be deducted from the damages calculation, he offers no amount for these categories. First Resource argues that requiring greater specificity would compel it to correct 1st Source's faulty calculations. The court agrees. 1st Source has the burden of proving any damages it alleges it suffered, and First Resource need not pony up its own alternative calculations before criticizing 1st Source's damages calculations. Mr. Willis' opinions on the alleged deficiencies of 1st Source's damages resulting from the need to conduct corrective advertising are sufficiently set forth in his report.

d.

■ On the subject of prejudgment interest, Mr. Willis' report states that he is "expected to testify concerning plaintiff's calculation of pre-judgment interest." Report at 11. 1st Source lists this as an example of the report's deficiencies, but neither party offers any discussion of this portion of Mr. Willis' report. The court agrees that listing a subject on which an expert is expected to testify is not the same as giving the expert's opinion and bases for the opinion. This portion of Mr. Willis' report expresses no opinion; he might even agree with 1st Source's prejudgment interest calculation, though it would likely be safe to assume that he does not. The court grants 1st Source's motion in limine with respect to testimony by Mr. Willis on the subject of prejudgment interest.

First Resource argues that it would be unfairly prejudicial to grant 1st Source's motion because although 1st Source was given a chance to cure its defective damages disclosure, 1st Source's actions "have given Defendant no opportunity to Supplement its Disclosure *if* any such Supplementation is necessary". The court agrees that the effect of the interplay between Federal Rules of Civil Procedure 26 and 37 is to make it difficult, if not impossible, for a party to test the sufficiency of expert disclosures before it is too late. The court cannot, however, bend or change the rules, even if the moving party did not comply with all rules in the past.

The court views this as a defect in an otherwise salutary rule. Counsel and courts still are learning the specificity required of expert reports under Rule 26(a)(2)(B), but no mechanism exists for a disclosing party to test the sufficiency of its disclosure. The disclosing party must simply await a motion in limine or trial objection, and hope to argue successfully that the disclosure was adequate. Arguably, the Rule should be modified to include a "meet and confer" provision such as Fed.R.Civ.P. 37(a)(2)(A), or perhaps a "safe harbor" provision such as Fed. R.Civ.P. 11(c)(1)(A), as a prerequisite to exclusion for inadequate disclosure. Unless and until the rule is so modified, however, counsel would seem well advised to err on the side of over-inclusiveness in making disclosures under Rule 26(a).

### 4. Bifurcation

First Resource asks the court to reconsider its decision regarding bifurcation in this case. First Resource cites two recent Seventh Circuit cases, and asserts that they support the proposition that 1st Source is not likely to prevail in the liability stage of the proceedings, thus mooting damages issues. First Resource also claims that postponing the damages phase of the trial will avoid prejudice to First Resource because of 1st Source's late filing of its statement of claims for damages and late responses to discovery requests. Lastly, First Resource suggests that the parties might be able to settle the damages issue if the court finds liability.

1st Source objects to bifurcation of this case, arguing that there is no risk of jury confusion because the case is to be heard by the court, and that it would be inefficient to reconvene the parties months after the liability phase when the parties are prepared to address liability and damages at the April 22 trial. 1st Source contends that it has not violated any rule or order in its disclosures and filings. Lastly, 1st Source states that the parties have not engaged in good faith settlement negotiations on the damages issue, and that there is no basis to believe that they could reach an understanding without involving the court.

The court continues to believe that bifurcation is not warranted in this case. The parties have proceeded under the impression that both issues are to be tried beginning in less than a week, and First Resource has not persuaded the court that delaying the damages portion of the trial would be more efficient, or that declining to delay it will unfairly prejudice First Resource.

### 5. Conclusion

For the foregoing reasons, the court GRANTS IN PART and DENIES IN PART the plaintiff's motion in limine (filed March 20, 1996 (# 87)).

SO ORDERED.