Charlene HARVEY, Plaintiff,

v.

DISTRICT OF COLUMBIA and D.C. Fire
and Emergency Medical Services
Department, Defendants.

Civil Action No. 96–01865 (CCR).

United States District Court,
District of Columbia.

Dec. 2, 1996.

Squire Padgett, Law Office of Squire Padgett, Washington, DC, for Plaintiff.

Nicholas P. Miller, District of Columbia Office of the Corporation Counsel, for Defendants.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### I.

### INTRODUCTION

The Court has before it a complaint by the plaintiff, Ms. Charlene Harvey, against the District of Columbia and the D.C. Fire and Emergency Medical Services Department ("D.C. EMS"). The plaintiff is an emergency medical technician for the D.C. EMS. At the initial status call in this case on August 30, 1996, the plaintiff's counsel completed and submitted to the Court a "Specification of Plaintiff's Claims Form for Employment Discrimination Suits and Civil Rights Cases" (hereafter a "claims specification form"). The plaintiff's claim specification form indicates that she has brought this case solely under Title VII of the Civil Rights Act of 1964, as amended. However, within the complaint, but without referencing specific facts to make the claims cognizable, the plaintiff also asserts claims under 42 U.S.C. § 1981 (prohibiting racial discrimination in the making and enforcement of contracts) and § 1983

(prohibiting a violation of rights secured by the Constitution or the laws of the United States committed by a person acting under color of state law).

Since the D.C. EMS is a part of the D.C. government, and in view of the defendant's answer to the complaint, and because it is not *sui generis,* the plaintiff's claims against the D.C. EMS will be dismissed.

Through her complaint, Ms. Harvey brings to this Court's attention a series of acts, approximately eleven in number, dating back to September 21, 1992 when, according to Ms. Harvey, she was raped by a shift supervisor at the supervisor's home. Contact between the plaintiff and this supervisor continued through January 1993, and the Court obviously and vigorously condemns such conduct as inappropriate.

In December 1994, a co-worker made lewd remarks to the plaintiff, but he never repeated such conduct. In the same month, another co-worker put his head on the plaintiff's buttocks. The undisputed facts show that no supervisor of the defendants knew of these two incidents and that the plaintiff failed to report these incidents to any management-level employee.

The next alleged incident (or incidents) involved the plaintiff's purported attendance problems in 1993 and 1994. The plaintiff's chief supervisor allegedly called the plaintiff's EMT unit on at least two occasions to check on the plaintiff's attendance. In another incident or series of incidents, the plaintiff's name failed to appear on an attendance roster on an unspecified number of occasions.

In 1994, the plaintiff was reassigned to a new supervisor, Mr. Jerome Stocks, ostensibly because of the plaintiff's attendance problems. According to the plaintiff, Mr. Stocks called her a "habitual liar." Also in 1994, various of the plaintiff's requests for leave were denied, and the plaintiff was repeatedly placed on AWOL status. Finally, during some unspecified period of time, the plaintiff was the subject of "rumors" that she was "real easy" and a "whore." The plaintiff has submitted no evidence identifying the employees of the defendants, if any, who spoke

such rumors. The plaintiff filed her first EEOC charge on July 21, 1994.

■ As indicated by the foregoing, the plaintiff has not made out a claim, nor even sufficiently alleged a claim, under either 42 U.S.C. § 1981 or § 1983. Furthermore, according to her counsel's own pleading, the plaintiff relies exclusively on Title VII. That being so, the court will not address those statutes further, because it is unnecessary.

The question now before the court is whether the defendants' motion for partial summary judgment as to the plaintiff's sexual harassment claim is cognizable and may be heard before a jury.

**A. The Plaintiff's Claim For Hostile Work Environment Sexual Harassment Is Not Cognizable, And The Defendant's Motion For Partial Summary Judgment Will Be Granted.**

■ Pursuant to the D.C. Circuit's holding in *Valentino v. United States Postal Serv.*, 674 F.2d 56, 65 (D.C.Cir.1982), the plaintiff's failure to exhaust her administrative remedies and to assert a claim of harassment within 300 days before July 21, 1994 precludes the plaintiff from relying on the alleged rape and other conduct occurring before that time period. The law under the continuing violations doctrine is clear that the alleged acts of sexual harassment by the plaintiff's co-workers, about which defendants' supervisors neither knew nor should have known, does not give rise to a cognizable sexual harassment claim and will not revive an otherwise stale sexual harassment claim. *See Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 446 (7th Cir.1994) ("[B]ecause no harassment event occurring during the violation period was ever brought to the attention of [the employer] while [the plaintiff] was still employed, there is no violation during the limitation period that can serve as the anchor for the earlier conduct."). Additionally, the plaintiff cannot rely on the continuing violations doctrine, because there is no nexus between the conduct of the co-workers in 1994 and the earlier incidents going back to 1992. *See Id.* (holding that the plaintiff could not rely on the continuing

violations doctrine, because she had failed to demonstrate "a sufficiently close nexus between alleged touching incidents by a supervisor and the later conduct of fellow employees"). Accordingly, there being no dispute as to these material facts, no liability can attach against the District of Columbia based solely on the unreported co-worker incidents. Under these particular circumstances, the plaintiff had a duty to report the co-worker harassment, but she did not. *See* 29 C.F.R. § 1604.11(d) (employer is liable for co-worker harassment "where the employer (or its agents or supervisory employees) knows or should have known of the conduct, unless it can be shown that it took immediate and appropriate corrective action"); *accord Doe v. R.R. Donnelley*, 42 F.3d at 446; *Katz v. Dole*, 709 F.2d 251, 255 (4th Cir.1983).

■ Notwithstanding the defendants' alleged misconduct, which the Court condemns, it nevertheless is bound by the law, and accordingly will grant the defendants' motion for partial summary judgment on the plaintiff's claim for sexual harassment. However, the plaintiff's claim for retaliation as hereinafter discussed will be allowed to move forward and be tried. The fact that the plaintiff did not perfect her harassment claim by timely filing a charge with the EEOC does not preclude her here from asserting her claim for retaliation under the Civil Rights Act of 1964, as amended. *See, e.g., Womack v. Munson*, 619 F.2d 1292, 1298 (8th Cir.1980) (Black investigator's allegation that his prior employer required Black deputies to beat Black prisoners protected, even if allegation was unwarranted), *cert. denied*, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). In this respect, she needs only to prove that she has suffered an adverse personnel action that was causally-related to her engaging in protected activity. *See Berger v. Iron Workers Reinforced Rodmen*, 843 F.2d 1395, 1423 (D.C.Cir.1988).

■ Here we have a proposed stipulation by the defendants that the plaintiff at all times relevant to her retaliation claim engaged in protected activity. This means that at the forthcoming trial the jury should be informed generally about the plaintiff's prior

allegations of sexual harassment, but not about the specific events underlying the same. Rule 403 of the Federal Rules of Evidence mandates such a procedure. *See Morris v. Washington Metropolitan Area Transit Authority,* 702 F.2d 1037, 1043 (D.C.Cir.1983) (holding in a retaliation case that the trial court correctly excluded testimony about the details of the plaintiff's race discrimination complaint, where the defendant had stipulated to the protected nature of the plaintiff's speech). Thus, at trial, the jury shall be informed of the nature of the plaintiff's complaints—i.e., they were complaints about sexual harassment—but not about the details underlying those complaints. An exception to this will be that the jury will not be permitted to hear evidence of events occurring prior to December 1993 when the plaintiff allegedly spoke to Ms. Lillian Carter, the Assistant Director of Operations for the EMS Division, because there appears to be no causal link between the plaintiff's protected conduct—her complaint to Ms. Carter in November 1993—and her former shift supervisor's alleged off-duty sexual assault and her chief supervisor's alleged conduct concerning the plaintiff's perceived attendance problems prior to December 1993.

### B. The Defendants' Motion In Limine To Strike The Testimony Of Dr. Janice Berry Edwards Involving Opinion Testimony Pursuant To Rule 702 Will Be Denied.

Pursuant to this Court's Order of August 30, 1996, the plaintiff was required to disclose her Rule 26 Opinion statements on or before 4:00 p.m. on September 30, 1996. On September 30, the plaintiff served what purported to be such a statement for a Dr. Janice Berry Edwards. The report stated as follows, in total:

> Dr. Edwards will testify as to Plaintiff [sic] has suffered as a result of emotional distress. And upon further exploration, her testimony may included [sic] how Plaintiff suffered from being sexually assaulted while on the job and the continuous pattern of harassment by the perpetrators, her peers and other department employees and the extent of how such actions affected

Plaintiff's employment. Such conduct has lead [sic] to an undermining of Ms. Harvey's work performance, self esteem, and resulted in post-traumatic stress disorder.

Dr. Edward's curriculum vitae was attached to this report.

■ The defendants are correct in their assertion that this report is woefully inadequate under Fed.R.Civ.P. 26(a)(2)(B). It does not appear to "contain a complete statement of all opinions to be expressed and the basis and reasons therefore; [and] the data or other information considered by the witness in forming the opinions." Fed.R.Civ.P. 26(a)(2)(B).

However, the defendants offer no explanation for waiting until October 30, 1996—the day before the discovery cut-off—to raise the inadequacy of Dr. Berry's report with the plaintiff, when the report had been served on them on September 30. As set forth in the Court's August 30 Order, "the attorneys [were to] meet and confer regarding all discovery disputes" by October 31, 1996. Had the defendants promptly communicated with the plaintiff, they could have met and conferred about the report and still would have had time to file a motion to compel production of a supplemental report. Moreover, the defendants could have noticed Dr. Berry's deposition at any time. Consequently, the defendants' assertion of "significant[ ] prejudice" is utterly disingenuous. The Court will not strike Dr. Berry's testimony due to the inadequate expert report.

■ The defendants also request that the Court preclude the plaintiff from calling in her case in chief any witnesses that purportedly were not reasonably identified in response to Defendants' Interrogatory No. 7. Boiled down to its essence, Interrogatory No. 7 asked the plaintiff to identify all persons she believed had information relevant to this lawsuit and to indicate the "events, occurrences, or damages about which each of those persons is knowledgeable." The defendants claim that responses like "Captain Theodore Holmes will testify as to his knowledge of the sexual harassment experienced by the Plaintiff and what was reported to him and he [sic] observed related to the Plaintiff" are

non-responsive and justify exclusion of testimony by witnesses like Captain Holmes during the plaintiff's case in chief.

While such responses may very well be vague and non-responsive the defendants fail to explain why, when they had the plaintiff's responses in their possession on or about October 11, 1996, they waited until October 30, 1996—the day before discovery cut-off—to raise these problematic responses with the plaintiff. Again, contrary to the Court's August 30 scheduling order, the defendants left little opportunity for a meet and confer, let alone a motion to compel supplemental responses. Moreover, most, if not all, of the witnesses identified in the purportedly inadequate responses are the defendants' own employees to whom the defendants could have, and may still, talk without even notifying the plaintiff. The plaintiff, by contrast, likely would have had to have noticed these witnesses' depositions to attain the details of their knowledge. Finally, the defendants could have gotten supplemental responses directly from the plaintiff's mouth at her deposition which the defendants took on October 31, 1996. Apparently, they did not exhaust this avenue either. Thus, the defendants' request to preclude the plaintiff from presenting testimony by certain witnesses identified in response to Interrogatory No. 7 shall be denied.

In addition to the foregoing, the Court notes that there are fourteen days between now and the trial date. Rule 102 of the Federal Rules of Evidence requires that the defendant be afforded the opportunity to take Dr. Edwards' deposition prior to trial, even though they had the opportunity to do so prior to discovery cut-off on October 31, 1996. Rule 102 provides:

These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined.

Fed.R.Evid. 102. Accordingly, in the interests of justice and to promote fairness in the conduct of the forthcoming trial, the defendant shall be permitted to depose the plaintiff's Rule 702 opinion witness on a day convenient to counsel for the parties, but by no later than 4:00 p.m. on December 11, 1996. A copy of the transcript of said deposition shall be filed with the Court's chambers by no later than the same date and hour.