Lisa **SULLIVAN**

v.

**GLOCK, INC.**

No. CIV. A. WMN–95–2652.

United States District Court,
D. Maryland.

Sept. 29, 1997.

Marlon Steve Charles, Washington, DC, for plaintiff.

John P. Sweeney, Gregory L. Lockwood, Susan Durbin Kinter and Miles & Stockbridge, Baltimore, MD, and John F. Renzulli, Christopher P. Orlando and Renzulli, Gainey & Rutherford, New York City, for defendant.

## *MEMORANDUM AND ORDER*

GRIMM, United States Magistrate Judge.

This case has been assigned to me for the resolution of discovery disputes pursuant to 28 U.S.C. § 636(c) (1993) and Local Rule 301 (D.Md.1997). The plaintiff, a former police officer, has sued Glock, Inc., the manufacturer of the Glock 9mm semiautomatic pistol. The plaintiff alleges that she sustained serious injuries as a result of the defective design of a carrying case for the Glock pistol

which, it is claimed, caused the pistol to discharge while the plaintiff was attempting to put it in its carrying case following a training session.

Presently pending is the defendant's motion to exclude testimony of plaintiff's expert witnesses, the plaintiff's opposition and the defendant's reply. Paper Nos. 41, 42 and 43.[1] The essence of the defendant's motion is that the plaintiff failed to provide complete expert disclosures as required by Fed. R.Civ.P. 26(a)(2) with respect to all experts except Mr. Roane (hereinafter the "health care experts") and, therefore, pursuant to Fed.R.Civ.P. 37(c)(1), those experts should not be permitted to testify at trial, which counsel advises is presently scheduled for early 1998. For the reasons set forth below, the defendant's motion is denied, but the defendant will be permitted to pursue discovery of these experts, and to designate rebuttal experts.

## BACKGROUND

In its motion to exclude the plaintiff's expert testimony, the defendant concedes that the plaintiff disclosed the identity of her health care experts, but asserts that these disclosures were inadequate. The disclosure identified the following health care experts: Yomi Fakunle, M.D.; Lesley Wong, M.D.; Jerome F. Kowaleski, Ph.D., a psychologist; Lois Bethea–Thompson, a physical therapist; and Diane Doyle, an occupational therapist. During a telephone conference with counsel on September 17, 1997, counsel for the plaintiff stated that each of these health care experts provided services for, and treatment of, the plaintiff. According to plaintiff's counsel, none of the health care experts were retained for the purpose of providing testimony at trial.

The Rule 26(a)(2) disclosure statement filed by the plaintiff,[2] contains a very brief description of the role of each of the foregoing health care providers in connection with

---

1. The defendant also has sought to exclude the trial testimony of another of the plaintiff's experts, Mr. Roane, as part of the relief requested in its motion for summary judgment. Paper No. 38. This issue will be addressed in a separate Order.

2. The disclosure statement is attached as Exhibit A to the defendant's motion. Paper No. 41.

their treatment and/or evaluation of the plaintiff. Unquestionably, these descriptions fall far short of the detailed information required by Rule 26(a)(2)(B). As will be discussed more fully, however, each of the health care experts disclosed by the plaintiff falls into the category of expert witnesses commonly described as "hybrid witnesses," for whom no Fed.R.Civ.P. 26(a)(2)(B) disclosures are required. Accordingly, I will deny the defendant's motion to exclude the testimony of these witnesses at trial. However, because there continues to be substantial uncertainty regarding the nature of the disclosures required by Rule 26(a)(2) with respect to hybrid witnesses—as displayed by the practice of counsel in this case—I also decline to penalize the defendant in resolving the pending motion. I therefore will also order that the defendant be permitted to discover the opinions of the health care experts who are expected to offer testimony at trial, and if requested, to designate rebuttal experts.

## DISCUSSION

Since the adoption of the Federal Rules of Evidence in 1975, the use of expert witnesses in civil and criminal trials has exploded. One commentator has observed:

> In modern trials, the expert is as common as the lawyer. Case after case, civil or criminal, state or federal, turns on the testimony of one or more of many kinds of experts. Expert inflation is on the rise. The causes are many. The growth of complex litigation, the explosion of technology and science, the increasing creativity of advocates—all play a role. But the main reason is the liberality with which modern evidence doctrine embraces courtroom experts.

Faust F. Rossi, *Modern Evidence and the Expert Witness*, in *The Litigation Manual: A Primer for Trial Lawyers* 254 (2d ed.1989).

The Federal Rules of Civil Procedure regarding discovery of expert witness opinions have had to change to keep pace with the increasing use of expert testimony. Prior to the 1993 amendments to the Rules, there was no right to take the deposition of an expert retained to testify at trial, without leave of the court.[3] Expert opinions were to be discovered through interrogatories—a practice which proved to be almost useless in terms of obtaining meaningful disclosure of opinions and supporting factual bases. Indeed, the commentary to the 1993 changes to Fed. R.Civ.P. 26(a) specifically noted this problem, stating "[t]he information disclosed under the former rule in answering interrogatories about the 'substance' of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness." Commentary to Fed.R.Civ.P. 26(a) (1993), 146 F.R.D. 401, 634 (1993).

In recognition of the need for lawyers to have an effective means of discovering expert testimony, the 1993 changes to the Rules of Civil Procedure adopted a carefully considered series of procedures designed to facilitate meaningful, and less expensive, discovery of expert opinions. The "expert disclosures" required by Fed.R.Civ.P. 26(a)(2) are the cornerstone of these changes. The Rule provides, relevantly:

(2) Disclosure of Expert Testimony.

(A) In addition to the disclosures required by paragraph (1), a party will disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as

---

**3.** Prior to the 1993 amendments, Rule 26(b)(4) limited discovery of testifying experts to interrogatories, but provided that, upon motion, "the court may order further discovery by other means...." Fed.R.Civ.P. 26(b)(4)(A)(i) (superseded). In practice, this was one of the most ignored rules of civil procedure. Recognizing the hardship that strict adherence to the rule would impose upon efficient pretrial preparation, this Court accordingly adopted a Local Rule stating that it was "[t]he general practice in this District to permit experts designated by one party to be deposed by an opposing party." Local Rule 104.10 (D.Md.1989) (superseded).

an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed.R.Civ.P. 26(a)(2).

It is noteworthy that Rule 26(a)(2) creates two distinct types of disclosures: (1) disclosure of the identity of *any* witness who may provide opinion testimony at trial in accordance with Fed. R. Evid. 702, 703, and 705; and (2) the far more comprehensive written and signed report which Rule 26(a)(2)(B) requires for "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony" (hereinafter, "retained experts"). This distinction, often overlooked in practice, is of critical importance. Rule 26(a)(2)(A) is colloquially said to apply to "hybrid" fact/expert witnesses, the most frequent example being a treating physician in a personal injury case.[4] As to these witnesses, the comprehensive disclosures of the written report set forth in Fed.R.Civ.P. 26(a)(2)(B) are not required. The commentary to Rule 26 provides in pertinent part:

> The requirement of a written report in paragraph [26(a) ](2)(B), however, applies only to those experts who are retained or

specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

Commentary to Fed.R.Civ.P. 26(a) (1993), 146 F.R.D. 401, 635 (1993). *See also* Local Rule 104.10.b (D.Md.1997) (stating that Rule 26(a)(2)(B) disclosures "need not be provided as to hybrid fact/expert witnesses such as treating physicians," and that "an adverse party may obtain the opinions of such witnesses. through interrogatories, document production requests and depositions").[5]

■ Although it is clear that a treating physician is the quintessential example of a hybrid witness for whom no Rule 26(a)(2)(B) disclosures are required, it is a mistake to focus solely on the status of the expert, instead of the nature of the testimony which will be offered at trial. A witness can be a hybrid witness as to certain opinions, but a retained expert as to others, and with regard to treating physicians, there is a debate over where the line should be drawn. *Compare Shapardon v. West Beach Estates,* 172 F.R.D. 415, 416–17 (D.Haw. 1997) ("[T]reating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of disability, if any, caused by the condition or injury. Opinions as to these matters are encompassed in the ordinary care of a patient and do not subject the treating physician to the report requirement of Rule 26(a)(2)(B)."); *Lauria v. National R.R. Passenger Corp.,* No. Civ. A. 95–1561, 1997 WL 138906, at *2 (E.D.Pa. March 24, 1997) ("[A] court must inquire whether the treating physician acquired his opinion as to the cause of the plaintiff's injuries directly through his treatment of the plaintiff.... If

---

4. See Local Rule 104.10.b (D.Md.1997) (indicating that "hybrid fact/expert witnesses" include treating physicians).

5. Although the treating physician is the most frequent example of a hybrid witness, it is clear from a review of Fed.R.Evid. 702 that any witness with expertise in an area of scientific, technical or specialized knowledge which would be helpful to the fact finder would fit into this category as well. It is very common in modern litigation to find fact witnesses who also possess the requisite expertise required by Fed.R.Evid. 702 to permit them to give expert opinion testimony. While Rule 26(a)(2)(A) does not require disclosure of anything more than their identity, lawyers still need to discover their opinions in order to effectively prepare for trial.

so, then even though the treating physician may be deposed, he is not required to file the written report required by Rule 26(a)(2)(B). In this situation, testimony as to whether the injuries for which the physician treated the patient are causally related to the accident are within the scope of the patient's care and treatment."); *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D.Va.1995) ("If a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition during the treatment then such opinion may be expressed by the treating physician without the necessity of a report under Fed.R.Civ.P. 26(a)(2)(B)....  However- er, if a physician, even though he may be a treating physician, is specially retained or employed to render a medical opinion based upon factors that were not learned in the course of the treatment of the patient, then such a doctor would be required to present an expert written report."); *Piper v. Har- nischfeger Corp.*, 170 F.R.D. 173 (D.Nev. 1997) (same); and *Garza v. Abbott Lab.*, No. 95 C 3560, 1996 WL 494266 (N.D.Ill. Aug. 27, 1996) (same) *with Thomas v. Consolidated Rail Corp.*, 169 F.R.D. 1, 2 (D.Mass.1996) ("Many courts, however, have recognized the unfairness of permitting a party to employ a physician who treated an injured party to provide testimony beyond simply the care of the plaintiff to classic expert opinion regard- ing causation and prognosis."); and *Brown v. Best Foods*, 169 F.R.D. 385, 388 (N.D.Ala. 1996) ("To the extent the treating physician testifies only as to care and treatment of his/her patient, the physician is not consid- ered a specially retained expert [for whom Rule 26(a)(2)(B) disclosures are required].").  In my opinion, the approach taken by the court in *Shapardon, supra*, is most helpful, and most consistent with the stated purpose of Rule 26(a)(2)(A).  To the extent that the source of the facts which form the basis for a treating physician's opinions derive from in-

formation learned during the actual treat- ment of the patient—as opposed to being subsequently supplied by an attorney in- volved in litigating a case involving the condi- tion or injury—then no Rule 26(a)(2)(B) statement should be required.

The failure to appreciate the distinction between a hybrid witness and retained ex- pert can be a trap for the unwary.  In this case, for example, the plaintiff disclosed the identity of a number of experts who were also her treating health care providers, and hence, hybrid witnesses, but did not pro- vide—and was not required to provide—the detailed disclosures mandated by Fed. R.Civ.P. 26(a)(2)(B).  Not appreciating the distinction between hybrid witnesses and re- tained experts, defendant's counsel repeated- ly demanded complete Rule 26(a)(2)(B) dis- closures, when she was not entitled to receive them.[6]  Apparently operating under the mis- conception that the failure to provide these more detailed responses would result in auto- matic exclusion under Rule 37(c)(1), dis- cussed below, defendant's counsel did not depose the hybrid witnesses.  Instead, after the expiration of the discovery cutoff, she filed the instant motion in limine in an effort to exclude the testimony of these witnesses at trial.

As noted above, however, the plaintiff was not required to disclose any more than the identity of the hybrid witnesses under Rule 26(a)(2)(A), which she did.  Thus, the auto- matic exclusion provision of Rule 37(c)(1) is inapplicable.  Under an overly rigid reading of the rules of procedure, which I decline to do, the trap for the defendant would be that it would now be required to go to trial with- out any knowledge of the plaintiff's hybrid witnesses' opinions, because the discovery deadline has passed, and, without leave of the Court, the defendant would be unable to depose them.[7]  In addition to the confusion

6. From a review of the papers submitted in con- nection with this dispute it does not appear that counsel for the plaintiff was aware of the distinc- tion between hybrid witnesses and retained ex- perts either.  His failure to provide more de- tailed information about his experts in response to counsel for the defendant's many demands appears to be more a function of inattention to

her requests, rather than an understanding of the rules of procedure.

7. From the papers filed in connection with this dispute, I do not know whether counsel for the defendant propounded an interrogatory question to the plaintiff asking for the opinions and factu- al bases of all witnesses who would provide opinion testimony pursuant to Fed.R.Evid. 702,

regarding what disclosures are required for hybrid witnesses and retained experts, there is also confusion associated with other methods of discovering expert opinion testimony, as will next be seen.

■ Discovery of expert opinion testimony may also be obtained by interrogatories under Rule 26(b)(4)(B), and by deposition under Rules 26(b)(4)(A) and 26(b)(4)(B).[8] Rule 26(e)(1), moreover, imposes a duty on a party to supplement disclosures required by Rule 26(a). Similarly, Rule 26(e)(2) states that a party is "under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect." Supplementation, however, is not required if the corrective information already has been made known to the other parties during the discovery process or in writing. Fed. R.Civ.P. 26(e). This scheme is often confusing as reasonable minds can disagree about whether supplementing information has been provided "during the discovery process," which includes document production, written discovery responses and deposition testimony. Significant "corrective" information relating to an expert's opinion could, for example, be buried within a mass of documents produced to, but overlooked by, the receiving attorney.

Another reason for potential confusion regarding the sufficiency of disclosure of expert opinion testimony is that Rule 26(e)(1) requires that, with respect to the retained expert, there is a duty to supplement the expert's opinion if there is a material change in the opinion. This obligation extends to both the report required by Rule 26(a)(2)(B), as well as the expert's deposition testimony. This supplementation must occur not later than the date of the pretrial disclosures required by Rule 26(a)(3).[9] Part of the potential confusion here stems from the fact that the supplementation of deposition testimony is not required for hybrid witnesses, for whom no Rule 26(a)(2)(B) disclosures are required. Once again, the failure to appreciate the distinction between hybrid witnesses and retained experts can either lead to sanctionable violations of the rules of civil procedure, or a failure to obtain sufficient discovery of the opinions of hybrid witnesses through other discovery devices.

Another issue which frequently arises in connection with discovery of expert opinions is the sufficiency of the disclosures required by Rule 26(a)(2)(B). *See, e.g., 1st Source Bank v. First Resource Federal Credit Union*, 167 F.R.D. 61, 66–67 (N.D.Ind.1996) (noting that "courts and counsel are still learning the specificity required of expert reports under Rule 26(a)(2)(B)," and that "no

703 and 705. This would be an independent method of requiring the plaintiff to disclose this information for hybrid witnesses, and the failure to answer such an interrogatory may be separate grounds to support a motion to exclude the opinion testimony of a hybrid witness. Accordingly, prudent counsel would be wise to include in their interrogatories two separate "expert" interrogatories. The first should solicit the opinions of hybrid witnesses. For example, "for each witness identified by you in connection with the disclosures required by Fed.R.Civ.P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and reasons therefor." The second should request disclosure of the opinions of retained experts covered by Rule 26(a)(2)(B). For example, "for each witness which you have retained or specially employed to provide expert testimony in this case, or employed by you whose duties regularly involve giving expert testimony and who you expect to testify at trial, provide a complete statement of the opinions to be expressed and the basis and reasons therefor."

8. A party does not waive its entitlement to Rule 26(a)(2)(B) disclosures merely by filing interrogatories or deposing an expert. *Brand v. Mazda Motor Inc.*, No. 95–4139–SAC, 1996 WL 707018, at *2 (D.Kan. Nov. 18, 1996); *St. Paul Fire & Marine Insurance Co. v. Heath Fielding Insurance Broking, Ltd.*, No. 91 CIV. 0748, 1996 WL 19028, at *12 (S.D.N.Y. Jan. 17, 1996). Indeed, the deposition of an expert for whom a report is required by Rule 26(a)(2)(B) may not be taken until after those disclosures have been made. Fed.R.Civ.P. 26(b)(4)(A).

9. Rule 26(a)(3) requires that pretrial disclosures be made not later than 30 days before trial, unless otherwise required by the court. Local Rule 106.4, .which governs pretrial orders, provides that disclosure of the information required by the pretrial order satisfies the requirements of Rule 26(a)(3). Thus, in this jurisdiction, if supplementation of an expert's deposition testimony is required by Rule 26(e)(1), it must be done not later that the time designated in the scheduling order for filing the joint pretrial order.

mechanism exists for a disclosing party to test the sufficiency of its disclosure," prior to the opposing party filing of a motion in limine or objecting at trial); *see also Reed v. Binder*, 165 F.R.D. 424, 429 (D.N.J.1996) (noting that "[t]he test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced"). The Rule itself is quite detailed, and, when coupled with Rule 37(a)(3),[10] would seem to require exact compliance in all particulars with the disclosures required by Rule 26(a)(2)(B), even though this is often very difficult to do. Moreover, a literal reading of Rules 37(a)(3) and 37(c)(1) would result in the application of the automatic exclusion of an expert's trial testimony if there was not complete compliance with the requirements of Rule 26(a)(2)(B), unless the court finds that there was substantial justification for the failure to make complete disclosure or that the failure to disclose is harmless. *Mid–America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir.1996).

Thus, given the severity of the automatic exclusion sanction of Rule 37(c)(1), prudence dictates that counsel be as complete and thorough as possible in making and supplementing Rule 26(a)(2)(B) disclosures. *Accord 1st Source Bank*, 167 F.R.D. at 67 (suggesting that until Rule 26(a)(2)(b) is modified to include a safe harbor provision or a meet and confer provision as a prerequisite to exclusion for an inadequate disclosure, "counsel would seem well advised to err on the side of overinclusiveness"). As a rule of thumb, if the failure to comply with the required disclosure involves a material aspect of the expert's testimony,[11] and if the opposing party can show prejudice in connection with the lack of disclosure, then the opinion of the expert should be excluded, in whole or in part, at trial.

Pursuant to Fed.R.Civ.P. 37(a)(2), a party who is not provided a Rule 26(a)(2)(B) disclosure, or receives one which he or she thinks is incomplete, may file a "motion to compel disclosure and for appropriate sanctions."[12] When deciding whether or not to file such a motion, however, a party must make an important tactical decision, as the facts in this case illustrate. Central to this decision is the automatic exclusion provision of Fed.R.Civ.P. 37(c)(1), which provides "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e) shall not, *unless such failure is harmless*, be permitted to use as evidence at a trial, at a hearing or on a motion any witness or information not so disclosed." Rule 37(c)(1) is "a self executing sanction for failure to make a disclosure required by Rule 26(a), without further need for a motion under ...

10. "[A]n *evasive or incomplete disclosure,* answer, or response is to be treated as a *failure* to disclose, answer or respond." Fed.R.Civ.P. 37(a)(3) (emphasis added).

11. When one understands the purpose of the Rule 26(a)(2)(B) disclosures, it is easier to appreciate why complete disclosures are required. The purpose of these disclosures is to provide "information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective *cross examination* and perhaps arrange for expert testimony from other witnesses." Commentary to Rule 26(a), 146 F.R.D. 401, 633 (1993) (emphasis added). Cross examination of an expert generally involves three components. During the court's preliminary assessment of whether the expert will be permitted to offer opinion testimony, pursuant to Fed.R.Evid. 104(a), the focus is whether the expert meets the requirements of evidence rule 702 to give such testimony. If so qualified, then, pursuant to Fed. R.Evid. 611(b), the focus shifts to the opinions expressed and the support therefor, as well as matters affecting the credibility of the expert. When one keeps these three functions of cross examination of experts in mind it is easier to appreciate why all of the information required by the Rule 26(a)(2)(B) disclosure is important. All too often lawyers focus almost exclusively on disclosing the expert's opinions, the supporting facts, data, and bases, and neglect their additional obligation to disclose the witness's qualifications, publications, compensation, and listing of prior testimony. This information, however, bears directly on whether the expert is qualified under Fed.R.Evid. 702, and commonly provides a factual basis to attack the credibility of the expert. Thus, a Rule 26(a)(2)(B) disclosure which does not completely address each of these elements may be lacking in a material respect.

12. Of course, counsel must first make a good faith attempt to confer with opposing counsel to obtain the disclosures before filing a motion to compel. Fed.R.Civ.P. 37(a)(2)(A); Local Rule 104.7 (D.Md.1997).

[37](a)(2)(A)." Commentary to Fed.R.Civ.P. 37, 146 F.R.D. 401, 691 (1993). The commentary further provides that "[p]ursuant to new subdivision [37](a)(2)(A), a party dissatisfied with the disclosure made by an opposing party *may* under this rule move for an order to compel disclosure," but that "[u]nder revised paragraph [37](3), evasive or incomplete disclosures and responses to interrogatories and production requests are treated as *failures* to disclose or respond." *Id.* at 690.

A party who receives incomplete or evasive Rule 26(a)(2) disclosures consequently faces a dilemma of sorts. Because the failure to completely and nonevasively respond operates as a refusal to answer, the "self-executing" exclusion of the expert's opinion is mandated, without further motion by the party, unless the court determines that the defective disclosure was substantially justified or harmless. Attorneys who wish to exclude the expert's testimony at trial, then, may be disinclined to file the motion to compel, because, if granted, the party which supplied the defective disclosures may be given another opportunity to get them right, and the expert will then be permitted to testify at trial. Furthermore, as a practical matter, filing a motion to compel can have the effect of educating an opponent as to what corrective measures must be taken in order to secure admission at trial of some of the potentially most damaging evidence which can be offered. On the other side of the coin, if the attorney does not file a motion to compel, he or she does so at the risk of the judge permitting the expert to testify, finding that the failure to properly provide the Rule 26(a)(2) disclosures was substantially justified or harmless. *See, e.g., Marek v. Moore,* 171 F.R.D. 298, 299–300 (D.Kan.1997) (finding that party was not prejudiced by expert's failure to sign Rule 26(a)(2)(B) report). The stakes are high, for if the expert's opinion is allowed, the result is one of the worst imaginable—an expert testifying as to opinions about which opposing counsel has no notice or knowledge. The conundrum, therefore, is whether to file a motion to compel and obtain the information prior to trial, or, alternately, not file the motion to compel and hope that the court will exclude the testimony under Rule 37(c)(1) at trial. The answer to this dilemma often depends, to borrow from Inspector "Dirty Harry" Callahan, on whether or not counsel feels lucky.[13]

When counsel foregoes filing a motion to compel, anticipating that the trial judge will exclude the expert testimony on the basis of inadequate 26(a)(2) disclosures, and files a motion in limine to block the testimony at trial, the court must decide whether to impose what has traditionally been considered a severe sanction, appropriate only for willful and substantial abuse of the discovery process. *See McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 586 (W.D.N.Y.1995) (noting that "[p]recluding testimony from an expert under [Rule 37(c)(1) ] is a drastic remedy and should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules"); *see also Reed v. Binder,* 165 F.R.D. 424, 431 (D.N.J.1996) (finding that barring expert's testimony as sanction for inadequate Rule 26(a)(2)(B) disclosure was unduly harsh where expert testimony will dominate the proceedings); *Itar–Tass Russian News Agency v. Russian Kurier, Inc.,* No. 95 CIV. 2144, 1996 WL 337289, at *2 (S.D.N.Y. June 18, 1996) (same). This decision is commonly made at trial or on the eve of trial, when there is little opportunity for appropriate briefing and deliberation. Often the court is faced with conflicting representations and a mixture of information with respect to the status of discovery of the opinions and bases of the expert which is the subject of the motion in limine. An incomplete Rule 26(a)(2)(B) disclosure may have been made providing some, but not all, of the required information. Counsel opposing exclusion may argue that the incomplete or untimely disclosure was harmless as other discovery provided the requisite 26(a)(2)(B) information. Conversely, the party challenging the testimony may not have deposed the proposed expert, arguing that it relied upon the court enforcing the automatic exclusion provisions of Rule 37(c)(1).

---

**13.** *See* Inspector "Dirty Harry" Callahan, *Dirty Harry* (Warner Bros. Co./Malpaso Co.1971)

"There's just one question you've got to ask yourself—'Do I feel lucky?' ".

If the court determines that substantial justification exists for the incomplete expert disclosures, or that the opposing party will not be prejudiced by allowing the expert to testify as to hitherto undisclosed opinions, then it is difficult to not also rule that the party opposing the expert will be permitted to depose the expert, so as not to be unfairly surprised. This is usually the case because, as already noted, a party is not required to file a motion to compel complete disclosures under Rule 37(a)(2),[14] and is well within its rights to rely on the automatic exclusion provision contained in Rule 37(c)(1). If the court allows the deposition, however, it tacitly condones last minute discovery and undermines compliance with the rules of procedure. Moreover, when the court determines that a challenged expert may testify, it may then have to allow the challenging party to counter-designate a rebuttal expert, also immediately before trial, who must also be deposed. This undercuts the very purpose of the pretrial scheduling order—including the important goal of setting a specific and limited period for discovery—and rewards dilatory practices by the party which failed to make proper Rule 26(a)(2) disclosures.

Contrastingly, if the court decides to grant the motion in limine and exclude the challenged expert's testimony as to undisclosed opinions, it may seriously weaken the case of the party sponsoring the witness under circumstances where the opposing party had actual knowledge before the discovery cutoff that the expert would be offered at trial, yet received incomplete disclosures about the full nature of the opinions. It is tempting, under such circumstances, to wonder why the opposing party didn't file a motion to compel adequate disclosure under Rule 37(a)(2)(a), or simply take the deposition of the expert, even though that party was well within its rights not to do so, and to elect to take the position that Rule 37(c)(1) bars the testimony at trial.

In attempting to decide whether or not the court can, in the exercise of its discretion, allow the challenged expert to testify at trial despite incomplete disclosures under Rule 26(a)(2), the court may look for guidance to the many reported decisions on this issue. However, when it does so, it will quickly discover that, as at "Alice's Restaurant," one can find what one wants.[15] *See, e.g., Metal Processing Co., Inc. v. Amoco Oil Co.,* 173 F.R.D. 244, 248 (E.D.Wis.1997) (refusing to exclude experts disclosed 20 days before trial, where court extends discovery deadline to permit party to depose experts who did not file timely reports); *Hester v. CSX Transportation, Inc.,* 61 F.3d 382, 388 n. 11 (5th Cir.1995) (trial court's decision refusing to exclude expert's rebuttal testimony was not an abuse of discretion even though opinion was not disclosed until day of trial where court finds no intent to withhold opinion in effort to obtain unfair advantage); *Starforth v. Western Resources, Inc.,* 96–2049–EEO, 1996 WL 677084 (D.Kan. Oct. 29, 1996) (refusing to strike expert for missing Rule 26(a)(2)(B) disclosure deadline where several months remained before trial); *Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp.,* 79 F.3d 182 (1st Cir. 1996) (exclusion of expert testimony was not an abuse of discretion where experts' identities were disclosed three days before trial); *Fund Commission Service, II, Inc. v. Westpac Banking Co.,* No. 93 Civ. 8298, 1996 WL 469660, at *4 (S.D.N.Y. Aug. 16, 1996) (excluding party from using "any expert evidence at any stage in [the case]" where the party's "dilatory tactics have flouted the [Rule 26(a) ] Advisory Committee's policy of promoting full pretrial disclosure of expert information."). The net result of the analysis of these cases is that the trial court has enormous discretion in deciding whether a party's violation of the expert report rules is justified or harmless, and the result will be determined by the facts peculiar to each

---

**14.** That rule states, relevantly, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party *may* move to compel disclosure and for appropriate sanctions" (emphasis added).

**15.** See Arlo Guthrie, "Alice's Restaurant" (Reprise Records, 1967) ("You can get anything you want at Alice's Restaurant."). To date, however, neither the Fourth Circuit nor this Court appears to have interpreted in a published opinion the appropriateness of excluding expert testimony for the failure to comply with Rule 26(a)(2).

case. *Metal Processing Co., Inc.,* 173 F.R.D. at 248. It is possible, however, to identify rules of reason which should be applied in analyzing this issue.

The first rule of reason is that the entire structure of the rules of procedure governing pretrial preparation, expert disclosures under Rule 26(a)(2) and discovery in general, underscore the need for a fixed period of discovery which ends at a date certain well before trial. Thus, last minute discovery should be strongly discouraged, absent truly exigent circumstances.

■ Second, there is an important interrelationship between the expert disclosures required by Rule 26(a)(2) and the other forms of discovery which must be recognized by counsel, who are obligated to comply with all of the requirements for each component, or risk the adverse consequences of failing to do so. Therefore, it is incumbent upon counsel to make full and timely disclosures of information regarding their retained experts, supplement them promptly when required,[16] responsively answer interrogatories directed towards experts, and supplement these answers if warranted. Failure to do so may well result in the exclusion of the testimony of the expert at trial, in whole or in part. The days when counsel may "hide the ball" regarding expert disclosure, and intentionally provide a little, but by no means complete, information about the expected expert testimony are over, and those who continue to do this should not be rewarded for doing so. Moreover, it is no longer acceptable to wait until the last minute to retain and prepare experts. Counsel must be prepared to provide full and meaningful disclosure and discovery at the times required by the rules of procedure and the pretrial scheduling order.

■ Third, counsel must be familiar with the distinction between hybrid witnesses and expert witnesses, and the significance of this difference with respect to the required disclosures of Rule 26(a)(2). The written report required by Rule 26(a)(2)(B) is inapplicable to hybrid witnesses, and counsel must be prepared to obtain information about the opinions and bases of their testimony by interrogatories and/or depositions. The failure to pursue these alternative means of discovering the expected opinion testimony of hybrid witnesses is not a basis for excluding that testimony at trial.

Fourth, when faced with a situation where no required expert disclosures have been made, or materially incomplete disclosures have been made, counsel must make a tactical decision. If the most important goal is to avoid surprise at trial or last minute discovery about expert testimony on the eve of trial, then counsel should consider filing a motion to compel adequate disclosures or in the alternative to exclude expert testimony as soon as possible following the discovery cutoff, so that if the court declines to exclude the expert's testimony, the opinions of that expert may be discovered, and a rebuttal expert engaged as far as possible ahead of trial. Alternatively, if the most important goal of the attorney is to preclude the expert from testifying at trial by evoking the automatic exclusion provisions of Rule 37(c)(1), he or she should remember that this course is not risk free, and that the exclusion of evidence is a severe sanction which the court may be reluctant to impose despite Rule 37(c)(1). At least one court, for example, has recently refused to strike an expert's testimony for failing to comply with Rule 26(a)(2)(B) disclosures where the party moving for exclusion waited until the day before the discovery cut-off to challenge the adequacy of the report. *See Harvey v. District of Columbia,* 949 F.Supp. 874, 877 (D.D.C.1996) (noting that had the moving party "promptly communicated with the plaintiff, they could have met and conferred about the report and still would have had time to file a motion to compel production of a supplemental report.").

■ Fifth, in determining whether or not the automatic exclusion provisions of Rule 37(c)(1) should be applied to exclude expert testimony, the court should consider four factors in assessing whether there was substantial justification for the failure to disclose or harmlessness to the opposing party: (1)

---

**16.** To avoid disputes about whether Rule 26(a)(2) disclosures were supplemented as required, this should be done in a writing which clearly reflects that the disclosures are being supplemented.

the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Trilogy Communications, Inc. v. Times Fiber Communications, Inc.,* 109 F.3d 739, 744 (Fed.Cir.1997). With respect to the first factor, the court should evaluate whether the expert whose testimony would be excluded is central to the sponsoring party's case, or merely one of several experts who will testify to the same point. If exclusion of the testimony would be fatal to the sponsoring party's case, there is authority which suggests that it would be abuse of discretion to exclude the evidence. *Orjias v. Stevenson,* 31 F.3d 995, 1005 (10th Cir.1994) ("Notwithstanding Rule 37(c), the district court may be found to have abused its discretion if the exclusion of testimony results in fundamental unfairness in the trial of the case"); *Newman v. GHS Osteopathic Inc.,* 60 F.3d 153, 157 (3rd Cir.1995) (same).

With respect to the second factor, the court should take into consideration the reason for the failure to make the disclosure. The court may consider, for example, the experience of counsel, and whether the failure to provide appropriate disclosures was willful or in bad faith as opposed to inadvertent or the result of inexperience. The court might consider whether any of the confusing circumstances discussed above were involved; whether opposing counsel wrote to request the required disclosure or protest the adequacy of the disclosure given; whether the failure was total as opposed to an incomplete disclosure or failure to timely supplement; and whether the information required by the disclosure was provided to opposing counsel by some other discovery method. In this regard, at least one court has recently also taken into consideration the fact that Rule 26(a)(2) disclosures are relatively new. *See Reed v. Binder,* 165 F.R.D. 424, 431 (D.N.J. 1996) (declining to bar expert's testimony as sanction for inadequate Rule 26(b)(2)(B) disclosure in part because voluntary disclosure has not been the rule, and "the court perceives that attorneys practicing before this court have not become completely accustomed to the substantial changes in practice caused by the 1993 amendments to the rules"). In any event, when making its determination, the court should not overlook the fact that Rule 37(c)(1) requires that the reason for nondisclosure constitute *substantial* justification. *See Nguyen v. IBP, Inc.,* 162 F.R.D. 675, 678–82 (D.Kan.1995) ("Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact."). *See, e.g., Salgado v. General Motors Co.,* No. 93 C 1427, 1996 WL 535333, at *2 (N.D.Ill. Sept. 19, 1996) (finding that experts' busy trial and travel schedules did not provide substantial justification for party's failure to comply with Rule 26(a)(2)(B)).

The third factor requires the court to consider the potential prejudice to the opposing party if the expert is allowed to testify. Perhaps the most important consideration in this regard is the amount of time remaining before trial. If the issue surfaces months before trial, the court has great latitude to require the disclosure, permit the opposing party to take additional discovery and designate rebuttal experts, and to balance the scales by imposing a lesser sanction, such as awarding costs. *See McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 586 (W.D.N.Y.1995) ("Now that plaintiff has submitted most of the components of the required report, any prejudice to defendant can be remedied by granting leave to defendant to depose the expert outside the discovery period [and costs] associated with obtaining compliance with that rule."). Where, however, the issue surfaces on the eve of trial, or worse yet, during the trial, the court's options are far more restricted. In this regard, it must be acknowledged that injecting expert discovery into the final stages of pretrial preparation, or during trial itself, is extremely disruptive as well as expensive. Whether the court is willing to allow this to happen may well be influenced by whether the dispute centers around a complete failure to provide disclosure of the identity or opinions of an expert, as opposed to a claim that the

disclosures were incomplete, or that disclosures which were once complete were not supplemented to cover an additional opinion the expert is now being asked to give. Another factor which should be considered is whether the proposed expert testimony will be the subject of a *Daubert* challenge.[17] *See Reed,* 165 F.R.D. at 429 n. 9 (noting that "[t]he disclosure requirements of the Rules are also particularly helpful to the court in making rulings limiting or restricting expert testimony pursuant to Evidence Rules 104(a) and 702 and *Daubert* "). If so, then the court will have to consider the disruptive impact which this may have on the trial, because it may have to conduct evidentiary hearings outside the presence of the jury pursuant to Fed.R.Evid. 104(a) to determine whether the proposed expert testimony may be presented to the jury.

The final factor the court should consider is whether a continuance may be granted to cure the effects of prejudice caused by a failure to disclose, or a late disclosure. Needless to say, if the issue arises months before a scheduled trial date, this remedy is far more palatable than if it arises on the eve of trial. Courts should be mindful that granting a continuance just before a scheduled trial inconveniences not only the attorneys and parties, but also non-party witnesses. Additionally, a court must be careful not to reward the party who failed to make proper disclosures by granting a continuance, a practice which invites abuse.

### CONCLUSION

In light of the above discussion, it is apparent that, to the extent that the health care experts identified by the plaintiff in her Rule 26(a)(2)(A) disclosures are intended to testify at trial regarding their treatment of the plaintiff, any opinions regarding the existence of her medical condition, its causation, her treatment and prognosis, then they are hybrid witnesses and the plaintiff was not obliged to provide the defendant with the comprehensive disclosures required under Rule 26(a)(2)(B). Accordingly, the disclosure

of their identities complies with the federal rules. For this reason, the defendant's motion is DENIED. However, to the extent that the plaintiff intends for these witnesses to offer opinion testimony based on facts not obtained from their actual treatment of the plaintiff, they may not do so unless complete Rule 26(a)(2)(B) disclosures have been made. Because trial is some months away, there remains time to permit the reopening of discovery for the limited purpose of permitting the defendant to depose the plaintiff's health care experts. To insure that this is accomplished effectively, the following schedule will apply: Within 30 days of this Order, the defendant shall take the deposition of the plaintiff's health care experts. Within 21 days thereafter, the defendant shall designate any rebuttal experts. Within 30 days thereafter, the plaintiff may take the deposition of such rebuttal experts.

SO ORDERED.

---

**17.** *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).